# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**MARY TROUPE, et al.**                                                    **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO. 3:10-CV-153-HTW-MTP**

**HALEY BARBOUR, et al.**                                            **DEFENDANTS**

## REPORT AND RECOMMENDATIONS

For the reasons stated below, the undersigned Magistrate Judge recommends that the Court **grant** Defendants' Motion to Dismiss [15] Count One of Plaintiffs' Complaint, and **grant** Plaintiffs' Motion to Lift [29] the stay on discovery so that the Court can schedule a case management conference.

## I. BACKGROUND

Plaintiffs are a group of Medicaid-eligible children. The Plaintiff children allegedly suffer from a variety of behavioral, emotional, and mental health disorders. They claim that the state of Mississippi failed to provide them the intensive home- and community-based services medically necessary to address their mental health needs. Plaintiffs allege that they are forced to seek treatment in restrictive residential-treatment facilities which sever connections with family, peers, exacerbating their mental disorders. Plaintiffs claim that Defendants' failure to provide adequate home- and community-based mental health services violates the Medicaid Act,[1] the

---

[1] 42 U.S.C. § 1396, et seq.

Americans with Disabilities Act,[2] and the Rehabilitation Act.[3] Defendants filed a motion to dismiss Count One of the Complaint – Plaintiffs' claims under Section 1983 for alleged violation of 42 U.S.C. § 1396a(a)(43)(C), a provision of the Medicaid Act. The motion is ripe for review.

## II. STANDARD OF REVIEW

Defendants framed many of their arguments as attacks on Plaintiffs' Article III standing and, therefore, this Court's subject matter jurisdiction. *See Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (Article III standing is an essential component of federal subject matter jurisdiction). Accordingly, Defendants argue that the Court should apply the standard of review applicable to motions under Rule 12(b)(1), allowing it to consider matters outside the pleadings. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 423 (5th Cir. 2013) (court is not bound by the pleadings when deciding a 12(b)(1) motion). But "[w]hen standing is challenged on the basis of the pleadings, [the Court] must accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party." *Ass'n of Am. Physicians & Surgeons v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010); *see also Pennell v. San Jose*, 485 U.S. 1, 7, 108 S. Ct. 849, 99 L. Ed. 2d 1 (1988).

Regardless, Defendants' standing argument is essentially an attack on the

---

[2] 42 U.S.C. § 12101, et seq.

[3] 29 U.S.C. § 701, et seq.

merits of Plaintiffs' claim. Defendants argue that Plaintiffs suffered no injury because Defendants did not violate 42 U.S.C. § 1396a(a)(43)(C). This approach has been characterized as a "misunderstanding of standing." *Bruggeman v. Blagojevich*, 324 F.3d 906, 909 (7th Cir. 2003). The "irreducible constitutional minimum" of standing is an injury in fact which is concrete and particularized, actual or imminent, caused by the defendant's allegedly unlawful conduct, and likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *see also Bryant v. Holder*, 809 F. Supp. 2d 563, 566 (S.D. Miss. 2011). Plaintiffs allege that they were injured by Defendants' failure to provide a wide range of treatments required by 42 U.S.C. § 1396a(a)(43)(C). Defendants argue that the statute does not require them to provide the treatments. This is not an attack on Plaintiffs' standing, but, rather, on the merits of their claim – akin to a motion under Rules 12(b)(6) or 12(c). *See Bruggeman*, 324 F.3d at 909.

The Court evaluates a "motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). The Court must

"accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id*. But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*.

### III. DISCUSSION

#### A. *Payment, Provision, or Both?*

Plaintiffs' claims stem from 42 U.S.C. § 1396a(a)(43), a subsection of the Medicaid Act requiring states to provide for Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") services. At the heart of this dispute rests a fundamental disagreement as to what this subsection requires of states which elect to participate in Medicaid. Plaintiffs argue that the statute requires states to ensure that EPSDT services are provided to Medicaid-eligible children, whether directly from the state or through an intermediary. In Plaintiffs' view, the state must directly provide medical treatment to Medicaid-eligible children if there are no appropriate private treatment options in their community. Defendants argue, though, that Medicaid is a payment scheme which requires participating states to pay for EPSDT services provided to Medicaid-eligible children.

The issues raised in Defendants' Motion to Dismiss [15] largely depend upon the interpretation of 42 U.S.C. § 1396a(a)(43). The Court must, therefore, examine the statute before proceeding. The statute says:

(a) Contents. A State plan for medical assistance must –

*  *  *

(43) provide for –

4

> (A) informing all persons in the State who are under the age of 21 and who have been determined to be eligible for medical assistance including services described in [42 U.S.C. § 1396d(r)], of the availability of early and periodic screening, diagnostic, and treatment services as described in [42 U.S.C. § 1396d(r)] and the need for age-appropriate immunizations against vaccine-preventable diseases,
>
> (B) providing or arranging for the provision of such screening services in all cases where they are requested, [and]
>
> (C) arranging for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment the need for which is disclosed by such child health screening services . . . .

42 U.S.C. § 1396a(a)(43) (2013). Section 1396d(r) describes the EPSDT services required:

> (r) Early and periodic screening, diagnostic, and treatment services. The term "early and periodic screening, diagnostic, and treatment services" means the following items and services:
>
> (1) Screening services –
>
> (A) which are provided –
>
> (i) at intervals which meet reasonable standards of medical . . . practices, as determined by the State after consultation with recognized medical . . . organizations involved in child health care . . . , and
>
> (ii) at such other intervals, indicated as medically necessary, to determine the existence of certain physical or mental illnesses or conditions; and
>
> \* \* \*
>
> (5) Such other necessary health care, diagnostic services, treatment, and other measures described in [42 U.S.C. § 1396d(a)] to correct or ameliorate defects and physical and mental illnesses and conditions discovered by the screening services, whether or not such services are covered under the State plan.

42 U.S.C. § 1396d(r)(1), (5) (2013).

Section 1396a(a)(43) imposes three requirements on participating states. Subsection (43)(A) requires the state to inform all Medicaid-eligible children of the availability of EPSDT services. 42 U.S.C. § 1396a(a)(43)(A). Subsection (43)(B) requires the state to provide or arrange for the provision of screening services where they are requested. 42 U.S.C. § 1396a(a)(43)(B). And Subsection (43)(C) requires the state to arrange for corrective treatment of conditions discovered through the screening provided under Subsection (43)(B), provided either directly from the state or through referral to a third party. 42 U.S.C. § 1396a(a)(43)(C). As another District Court observed:

> [T]o be clear, these provisions do not require the State to become a "direct medical provider," as the State asserts. Rather, these provisions require the State to ensure that Medicaid-eligible children receive "screening service" and "corrective treatment" under certain circumstances. To satisfy its obligations, the State may either provide services directly or hire others to do so.

*John B. v. Emkes*, 852 F. Supp. 2d 944, 951-52 (M.D. Tenn. 2012).

This interpretation accords with the plain text of the law, as well as its object and policy. *See United States Nat'l Bank v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 454-55, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993) (providing rules of statutory construction). Indeed, the Medicaid Act defines "medical assistance" as "payment of part or all of the cost of the following care and services or the care and services themselves, or both . . . ." 42 U.S.C. § 1396d(a) (2013). Section 1396a(a)(43) was "designed to assure the availability and accessibility of health care resources for the

treatment, correction and amelioration of the unhealthful conditions of individual Medicaid recipients under the age of twenty-one." *S.D. v. Hood*, 391 F.3d 581, 586 (5th Cir. 2004). Permitting states to arrange for treatment by either direct provision or referral to third parties broadens access to the services, furthering the law's purpose.

Defendants strenuously argue, though, that Medicaid "provides payment, not services." Defendants cited a number of cases in support of this argument, the chief of which is *Equal Access for El Paso, Inc. v. Hawkins*, 562 F.3d 724, 727 (5th Cir. 2009). There, the Fifth Circuit examined the Medicaid Act's "reasonable promptness" provision, which requires states to furnish "medical assistance" with reasonable promptness to all Medicaid-eligible individuals. *Id.* at 727; 42 U.S.C. § 1396a(a)(8). The Court held that the Medicaid Act defines "medical assistance" as "payment of part or all of the cost of . . . care and services . . . ." *Equal Access*, 562 F.3d at 727 (citing 42 U.S.C. § 1396d(a) (2009)). States, therefore, were only required to pay for services with reasonable promptness, rather than ensure that services were rendered with reasonable promptness. *Id.* at 727-30.

There are two reasons why *Equal Access* is inapplicable here. First, Congress subsequently amended the Medicaid Act's definition of "medical assistance." As noted above, the current definition is "payment of part or all of the cost of the following care and services or the care and services themselves, or both . . . ." 42 U.S.C. § 1396d(a) (2013). Second, *Equal Access* addresses the Medicaid Act's reasonable promptness provision, 42 U.S.C. § 1396a(a)(8), rather than the EPSDT provision, 42 U.S.C. § 1396a(a)(43). Subsection (a)(8) requires states to "provide that all individuals wishing

7

to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness . . . ." 42 U.S.C. § 1396a(a)(8). In comparison, Subsection (a)(43) requires states to "provide for" informing Medicaid-eligible children about available EPSDT benefits, providing or arranging for screening services where requested, and then arranging for treatment of problems disclosed by such screening. 42 U.S.C. § 1396a(a)(43)(A)-(C). The EPSDT provision is not dependant upon the definition of "medical assistance," and it allows no room for the claim that Medicaid is a payment-only scheme in this context.

It is not necessary for the Court to examine each case cited by Defendants in support of their argument that the Medicaid Act only requires payment for services. Each case cited by Defendants is distinguishable,[4] and the plain text of Subsection (a)(43) is sufficient to demonstrate that states must provide notice of the availability of EPSDT services, provide for or arrange screening services where requested, and then arrange for treatment either directly through Medicaid or a third party. 42 U.S.C. § 1396a(a)(43)(A)-(C).

---

[4]All of the cases cited by Defendants predate the current definition of "medical assistance," and most of them do not concern 42 U.S.C. § 1396a(a)(43), the subsection at issue here. *See S.D. v. Hood*, 391 F.3d 581, 586 (5th Cir. 2004) (predates the amendment, concerns Subsection (a)(10)); *Brown v. Tenn. Dep't of Fin. & Admin.*, 561 F.3d 542, 545 (6th Cir. 2009) (predates the amendment, concerns several subsections other than (a)(43)); *Mandy R. v. Owens*, 464 F.3d 1139, 1146 (10th Cir. 2006) (predates amendment, concerns Subsections (a)(8), (10), (30)(A)); *Westside Mothers v. Olszewski*, 454 F.3d 532, 540-41 (6th Cir. 2006) (predates amendment, concerns Subsections (a)(8), (10)); *Bruggeman*, 324 F.3d at 910 (predates amendment, concerns Subsection (a)(8)); *Rite Aid, Inc. v. Houstoun*, 171 F.3d 842, 845 (3rd Cir. 1999) (predates amendment, concerns Subsection (a)(30)(A)).

## B. Failure to State a Claim

Having established what 42 U.S.C. § 1396a(a)(43) requires, the Court may now determine whether Plaintiffs alleged sufficient facts to demonstrate that Defendants violated it. Importantly, Plaintiffs do not allege that Defendants failed to provide notice or screening, as required by Subsections (43)(A) and (B). Their claims stem solely from Subsection (43)(C), which requires that the state arrange for corrective treatment of all conditions disclosed by a screening requested under Subsection (43)(B). To determine whether Plaintiffs alleged a violation of Subsection (43)(C), the Court must determine whether they alleged that a screening was requested and provided under Subsection (43)(B).

Plaintiffs did not allege that they requested screening pursuant to Subsection (43)(B). In fact, they conceded during oral argument before the District Judge on August 19, 2011, that they have not requested anything from the Defendants – screening, treatment, or otherwise. Subsection (43)(B) only requires that the state "provid[e] or arrang[e] for the provision of . . . screening services in all cases where they are requested . . . ." 42 U.S.C. § 1396a(a)(43)(B). If Plaintiffs never requested a screening, Defendants had no obligation to provide one.

Subsection (43)(C) requires that the state arrange for treatment of conditions disclosed by a screening provided pursuant to Subsection (43)(B). 42 U.S.C. § 1396a(a)(43)(C). If Plaintiffs never requested and received a screening under Subsection (43)(B), then Subsection (43)(C) imposes no requirement on the Defendants. In other words, if Plaintiffs never requested and received a Subsection (43)(B)

screening, then there can be no "need for [corrective treatment] disclosed by such child health screening . . . ." 42 U.S.C. § 1396a(a)(43)(C).

Plaintiffs argue that their failure to request a screening is irrelevant because the infrastructure to provide the screening does not exist within Mississippi's Medicaid system. But the statute contains no exception to Subsection (43)(B)'s requirement that a Medicaid-eligible child request EPSDT screening services, and Subsection (43)(C) – according to its plain language – only requires the state to arrange for corrective treatment of conditions disclosed by the screening requested and provided pursuant to Subsection (43)(B).

Plaintiffs also argue that this interpretation of the statute is contrary to its intended purpose. The Court disagrees. If the statute were intended to require the state to seek out all Medicaid-eligible children and provide screenings and treatment without any concomitant responsibility on the part of the benefits-recipient to request services – as Plaintiffs argue – then there would be no need for the notice required by Subsection 43(A). Indeed, Section 1396a(a)(43) was "designed to assure the *availability and accessibility* of health care resources . . . ." *S.D.*, 391 F.3d at 586 (emphasis added). Requiring the statute's intended beneficiaries to request EPSDT services does not erect an obstacle to the availability and accessibility of such services, particularly in light of Subsection (43)(A)'s notice requirement. Plaintiffs have not alleged that Defendants violated Subsection (43)(A) – just Subsection (43)(C).

For these reasons, the undersigned Magistrate Judge concludes that Plaintiffs failed to state a claim for violation of 42 U.S.C. § 1396a(a)(43)(C) and recommends that

the District Judge **grant** Defendants' Motion to Dismiss [15] Count One of the Complaint – Plaintiffs' Section 1983 claim – with prejudice.

## C. *Motion to Lift Stay [29]*

The undersigned Magistrate Judge also recommends that Plaintiffs' Motion to Lift [29] the stay on discovery should be granted once Defendants' dispositive motion has been addressed. The Magistrate Judge will then schedule a case management conference so that the balance of the case may proceed.

## IV. NOTICE OF RIGHT TO OBJECT

In accordance with Local Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may file and serve written objections to this recommendation within fourteen days of being served with a copy of it. Any party filing such objections must provide copies to the District Judge, Magistrate Judge, and opposing party. The District Judge may accept, reject, or modify the Magistrate Judge's recommendations in whole or part. He may also receive further evidence or remand the matter to the Magistrate Judge with further instructions.

Failure to file written objections to this report and recommendation within fourteen days after being served with a copy of it shall bar a party, except upon grounds of plain error, from attacking on appeal the uncontested conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 23rd day of August, 2013.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE