IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARY TROUPE, et al.**                                                                        **PLAINTIFFS**

**VS.**                                                            **CIVIL ACTION NO. 3:10-cv-153-HTW-MTP**

**HALEY BARBOUR, et al.**                                                     **DEFENDANTS**

## MOTION FOR PROTECTIVE ORDER

Defendants David J. Dzielak, Director of the Mississippi Division of Medicaid, and Diana S. Mikula, Executive Director of the Mississippi Department of Mental Health, sued solely in their official capacities ("defendants" or "the State"), hereby move this Court, unopposed by plaintiffs, for a protective order and state:

1. The plaintiffs, defendants, and the United States Department of Justice ("DOJ")[1] are currently voluntarily engaged in complex, structured, confidential settlement negotiations encompassing this five-year old lawsuit involving alleged deficiencies in the State's system of providing children's mental health services asserted by plaintiffs and DOJ, and other broad-based federal law claims separately asserted by DOJ relating to the State's mental healthcare system.

2. The intensive confidential settlement negotiations have proceeded for approximately the past year under agreements between the parties. The negotiations have involved numerous settlement communications, conference calls,

---

[1] DOJ has appeared as an "interested party" in support of plaintiffs' claims in this lawsuit pursuant to 28 U.S.C. § 517 [*see* Docket Nos. 41 & 57], and separately asserted various putative claims it intends to pursue against the State which encompass plaintiffs' claims regarding children's mental health services [*see* Docket No. 48].

in-person meetings, draft proposed agreements, and countless hours of time and effort expended by government officials and attorneys. The negotiations have been undertaken with the expectation that plaintiffs would participate when appropriate given the overlapping claims regarding children's mental health services asserted by plaintiffs and DOJ. The express purpose of the negotiations between plaintiffs, defendants, and DOJ has been to reach one global settlement resolving plaintiffs' claims in this lawsuit, DOJ's positions asserted in support of plaintiffs' claims in this lawsuit, and DOJ's threatened claims against the State. Future conference calls and in-person meetings for further negotiations are scheduled.

3. Significantly, the confidential settlement negotiations have been facilitated through the assistance of Technical Assistance Collaborative ("TAC"), a well-recognized expert in the field of state mental health services and compliance with federal law.

4. The State and DOJ have proceeded with the negotiations facilitated by TAC with the express understanding that the negotiations, including their communications and information exchanged by and between themselves and TAC, would remain confidential pursuant to agreements and this Court's rules.

5. Recently, in March 2015, TAC produced a comprehensive "Mississippi Children's Behavioral Needs Assessment" (the "March 2015 TAC Report") providing its findings and recommendations regarding the State's children's mental health services for the parties' use in evaluating their respective claims and to further the ongoing negotiations.

6.      In February 2015, counsel for plaintiffs were provided with a draft of TAC's report regarding the State's children's mental health services by DOJ, however, plaintiffs have not yet been provided a copy of the final March 2015 TAC Report.  However, plaintiffs have expressed a desire to receive a copy of the final March 2015 TAC Report.

7.      Plaintiffs and the State agree the plaintiffs' counsel should be provided a copy of the final March 2015 TAC Report upon issuance of a protective order and further settlement negotiations, including any documents created or exchanged during the course of the negotiations, will remain confidential as governed by this Court's rules, including Local Rule 83.7.[2]  The protective order should further provide the March 2015 TAC Report and any other confidential settlement communications, information and documents will not be provided to anyone who is not a party to the negotiations, counsel, or an expert participating in the confidential settlement negotiations unless all parties agree otherwise in writing.

8.      The requested protective order will protect the confidentiality of the

---

[2]  Rule 83.7, enacted pursuant to the Alternative Dispute Resolution Act of 1998, "is designed to provide access to effective ADR techniques and to encourage mutually satisfactory resolutions of disputes in all stages of civil litigation." L.U.R.Civ. 83.7(a).  The Rule applies to "any activity in which the parties mutually engage by consent" to resolve putative claims without the necessity of trial, including mediation activities "in which impartial persons assist parties in reaching settlements . . . facilitate communications between the parties and assist them in their negotiations[, and] [w]hen appropriate . . . may also offer objective evaluations of cases and may make settlement recommendations." L.U.R.Civ. 83.7(d)(1)-(2).  And, importantly, to further alternative dispute resolution activities' purposes under the Rule, settlement related communications are confidential, not evidence in any proceeding, and not subject to compelled disclosure absent extremely limited overriding circumstances.  L.U.R.Civ. 83.7(j).

settlement negotiations which have taken place to date, and the further negotiations contemplated by the parties, and allow the parties to fully and frankly pursue an amicable resolution of the complex claims involved without further involvement by the Court.

9. Additionally, a protective order is appropriate and necessary because this Court is the proper authority to determine the applicability of the confidentiality provisions of its Local Rules to settlement negotiations involving a lawsuit pending before it. As of this writing, at least one outside party has sought access to the March 2015 TAC Report. In March 2015, a reporter from *The Clarion-Ledger* requested a copy of the March 2015 TAC Report from the Mississippi Department of Mental Health putatively pursuant to the Mississippi Public Records Act. The Department denied access to the March 2015 TAC Report. Thereafter, the newspaper filed a Complaint against the Department in the Chancery Court of Hinds County seeking a copy of the March 2015 TAC Report and citing the lack of this Court's entry of a protective order as grounds for the relief requested. [*See* Complaint in *Gannett River States Publishing Corporation d/b/a The Clarion-Ledger v. Mississippi Department of Mental Health*, Cause No. G2015-466 W/4, affixed hereto as Ex. "1"].[3]

10. Absent the requested protective order, the State will be unable to

---

[3] As of this writing, the Department has been served with the newspaper's Complaint but no further proceedings have taken place or been set in the newspaper's lawsuit. The Department's responsive pleading is currently due May 6, 2015.

furnish plaintiffs' counsel with a copy of the March 2015 TAC Report.  Further, the parties' ongoing confidential settlement negotiations – in which the State only agreed to proceed based upon their confidential nature – will likely come to an abrupt end.

11. Pursuant to Local Rule 7(b)(10), undersigned counsel has discussed defendants' motion with counsel for plaintiffs, understands plaintiffs have no objection to the relief requested, and intends to submit a proposed protective order to the Court to which plaintiffs have agreed.  Further, given defendants' motion is unopposed by plaintiffs, and the facts and authorities supporting this motion are fully set forth above, defendants request the Court waive the requirement of submitting a separate memorandum of authorities as required by Local Rule 7(b)(4).

FOR THESE REASONS, defendants request the Court enter a protective order in connection with the parties' ongoing confidential settlement negotiations finding and providing:

(1) There are ongoing confidential settlement negotiations governed by this Court's rules;

(2) Statements made, and documents generated or exchanged by one of the parties to the negotiations or the Technical Assistance Collaborative ("TAC") in the course of the settlement negotiations, including, but not limited to, the March 2015 TAC Mississippi Children's Behavioral Health Needs Assessment, shall not be disclosed by any of the parties to the negotiations to anyone who is not a party,

counsel, or an expert participating in the confidential settlement negotiations, unless the parties to the negotiations expressly agree otherwise in writing;

(3) Counsel for defendants shall provide counsel for plaintiffs with a copy of the March 2015 TAC Mississippi Children's Behavioral Health Needs Assessment, and said document shall be subject to the foregoing terms of the Court's order; and

(4) Any further relief deemed appropriate.

THIS the 24th day of April, 2015.

> Respectfully submitted,
>
> DAVID J. DZIELAK in his official capacity as Director of the Mississippi Division of Medicaid, and DIANA S. MIKULA, in her official capacity as Executive Director of the Mississippi Department of Mental Health
>
> /s Harold E. Pizzetta, III
> Harold E. Pizzetta, III (Bar No. 99867)
> Assistant Attorney General

Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
Telephone No. (601) 359-3680
Facsimile No. (601) 359-2003
hpizz@ago.state.ms.us

**CERTIFICATE OF SERVICE**

      I, Harold E. Pizzetta, III, Assistant Attorney General for the State of Mississippi, do hereby certify that on this date, I electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

      THIS the 24th day of April, 2015.

                                           /s Harold E. Pizzetta, III
                                           Harold E. Pizzetta, III