IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

FILED
APR 06 2015
EDDIE JEAN CARR, CHANCERY CLERK
BY _____ D.C.

GANNETT RIVER STATES PUBLISHING CORPORATION
D/B/A THE CLARION-LEDGER                                         COMPLAINANT

VS.                                            CAUSE NO. G2015-466 W/4

MISSISSIPPI DEPARTMENT OF MENTAL HEALTH                          RESPONDENT

## COMPLAINT TO COMPEL PUBLIC ACCESS TO RECORDS

Complainant Gannett River States Publishing Corporation d/b/a The Clarion-Ledger (the "Clarion Ledger"), pursuant to Miss. Code Ann. § 25-61-13, hereby files this Complaint to Compel Public Access to Records against Respondent Mississippi Department of Mental Health (the "Department of Mental Health"), and in support thereof, would state as follows:

### PARTIES

1. The Clarion Ledger is a corporation organized and existing under the laws of Arkansas, with its principal place of business in McLean, Virginia, and is qualified to do business in Mississippi.

2. The Department of Mental Health is a Mississippi state entity that may be served with process through the Office of the Attorney General of the State of Mississippi at his offices at the Walter Sillers Building at 550 High Street, Suite 1200, Jackson, Mississippi.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to Article VI, Section 156 of the Mississippi Constitution and Miss. Code Ann. § 25-61-13.

4. Venue is proper in this Court pursuant to Miss. Code Ann. § 25-61-13 because this Court is the "chancery court of the county in which the public body is located."



EXHIBIT 1

02059881

## FACTS

5. On December 22 2011, the United States Department of Justice ("DOJ") sent a letter ("Findings Letter") to the State of Mississippi regarding the DOJ's findings resulting from its investigation of the State's services for and support of persons with mental illness and/or developmental disabilities ("DD"). *See* DOJ Findings Letter, attached as Exhibit A. As explained in the Findings Letter, the DOJ found that the State had violated the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, and its implementing regulations, 28 C.F.R. pt. 35, "by unnecessarily institutionalizing persons with mental illness or DD in public and private facilities and failing to ensure that they are offered a meaningful opportunity to live in integrated community settings consistent with their needs." *Id.*

6. The State, through Attorney General Jim Hood, agreed with the DOJ that it would provide expanded services for adults with mental illness and people with developmental and intellectual disabilities and engage national experts to provide technical assistance regarding implementation of the expanded services. *See* August 29, 2014 Letter from Attorney General Jim Hood, attached as Exhibit B.

7. In May 2014, the State contracted with Technical Assistance Collaborative ("TAC") to (1) assess and make recommendations for a statewide housing strategy to assist with locating and funding integrated supported housing options for individuals with mental illness and people with developmental and intellectual disabilities, and (2) evaluate the State's current services and programs and provide recommendations and technical assistance where needed. *See id.* ("We have retained TAC to study permanent housing (study to be completed in August), and we are about to retain TAC to review *Troupe* issues").[1]

---

[1] "*Troupe*" as it is used in the AG's August 2014 letter refers to *Troupe, et al v. Barbour, et al*, In the United States District Court for the Southern District of Mississippi, Civil Action No.: 3:10-cv-00153-HTW-MTP, wherein

02059881                                     2

8.  TAC performed both assessments. TAC's report on integrated supportive housing was completed in October 2014 and published to the Department of Health's website. *See* http://www.dmh.ms.gov/wp-content/uploads/2014/10/A-Statewide-Approach-for-Integrated-Supportive-Housing-in-Mississippi3.pdf.

9.  TAC's report (the "TAC Report") on the State's current services and programs, i.e., the *Troupe* issues, was completed in March 2015. However, the Department of Health has withheld it from publication.

10. Upon information and belief, the TAC Report was paid for with taxpayer money. Furthermore, upon information and belief, it was understood by the organizations and families who participated in the assessment for the TAC Report that the Department of Mental Health would make the TAC Report public. Again, the Department of Health has withheld it from publication.

11. On March 23, 2015, the Clarion Ledger submitted a public records request through its reporter Emily Le Coz, pursuant to Miss. Code Ann. § 25-61-5 to the Department of Mental Health requesting access to and a copy of the TAC Report *See* Public Records Request, attached as Exhibit C.

12. In a March 26, 2015 letter, the Department of Mental Health refused to provide the Clarion Ledger access to the TAC Report, alleging that the TAC Report included "confidential mediation documents." *See* Response Letter, attached as Exhibit D.

13. However, the "exemptions" and/or "privileges" asserted by the Department of Mental Health are inapplicable, and the Department of Mental Health's refusal to provide access

---

plaintiffs have alleged that the State has failed to meet the needs of children with behavioral or emotional disorders and has discriminated against children with mental health issues.

02059881                                          3

to the TAC Report on the basis of these alleged "exemptions" and/or "privileges" is in direct contradiction to its publication of TAC's first report.

14. Furthermore, as of the date of the filing of this Complaint, the DOJ has not filed a lawsuit against the State or the Department of Health related to its December 2011 Findings Letter, and a protective or confidentiality order covering the TAC Report has not been entered in the *Troupe* case. *See* Docket Report, attached as Exhibit E.

15. Accordingly, the Clarion Ledger now files this Complaint to Compel Public Access to Records pursuant to Miss. Code Ann. § 25-61-13, seeking a determination that the documents requested in its March 23, 2015 request were wrongfully withheld by the Department of Mental Health and should be produced, along with damages and expenses for the County's willful and knowing denial of such documents.

## COUNT I – VIOLATION OF MISS. CODE ANN. § 25-61-5

16. The allegations of paragraphs 1-15 are incorporated by reference.

17. The Department of Mental Health wrongfully, willfully, knowingly and without justification withheld records requested by the Clarion Ledger in its March 23, 2015 request, in violation of Miss. Code Ann. § 25-61-5.

## COUNT II – PENALTY

18. The allegations of paragraph 1-17 are incorporated by reference.

19. The Department of Mental Health wrongfully, willfully, knowingly and without justification withheld records requested by the Clarion Ledger in its March 23, 2015 request, in violation of Miss. Code Ann. § 25-61-5.

20. Pursuant to Miss. Code Ann. § 25-61-15, the Department of Mental Health is liable in the amount of $100.00, plus reasonable expenses, costs and attorneys' fees incurred by the Clarion Ledger in bringing this proceeding.

WHEREFORE, based on the foregoing, the Clarion Ledger respectfully requests that the Court grant the following relief:

1) Set this matter for hearing at the earliest practicable date, and expedite this matter in every possible way.

2) Enter a judgment declaring that the Department of Mental Health wrongfully, willfully, knowingly and without justification withheld records requested by the Clarion Ledger in its March 23, 2015 request, in violation Miss. Code Ann. § 25-61-5 and ordering the Department of Mental Health to produce the TAC Report;

3) Enter a judgment finding the Department of Mental Health liable pursuant to Miss. Code Ann. § 25-61-15 in the amount of $100.00, plus reasonable expenses, costs, and attorneys' fees incurred by the Clarion Ledger in bringing this proceeding, plus prejudgment interest; and

4) All further relief as the Court may deem appropriate.

Dated: April 6, 2015.

Respectfully submitted,

GANNETT RIVER STATES PUBLISHING
CORPORATION D/B/A THE CLARION-LEDGER

By: *[signature]*
One of Its Attorneys

OF COUNSEL:

Leonard Van Slyke, MSB # 6589
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: 601-948.3101
Facsimile: (601) 960-6902
lvanslyke@brunini.com

## CERTIFICATE OF SERVICE

Pursuant to Miss. Code Ann. § 25-61-13, I hereby certify that I served a true and correct copy of the foregoing upon the Mississippi Ethics Commission by hand delivery to 660 North Street, Suite 100-C, Jackson, Mississippi 39202, and by U.S. Mail to P.O. Box 22746, Jackson, Mississippi 39225-2746.

Dated: April 6, 2015.

_____
Leonard Van Slyke

| COVER SHEET<br>Civil Case Filing Form<br>(To be completed by Attorney/Party<br>Prior to Filing of Pleading) | Court Identification<br>Docket Number<br>25 1 CH<br>County # Judicial Court ID<br>District (CH, CI, CO) | Case Year<br>2015 | Docket Number<br>00466<br>CV<br>Local Docket ID |
|---|---|---|---|
| Mississippi Supreme Court  Form AOC/01<br>Administrative Office of Courts  (Revised 1/1/2001) | 04 06 15<br>Month Date Year<br>This area to be completed by clerk | | Case Number if filed prior to 1/1/94 |

IN THE __CHANCERY__ COURT OF __HINDS__ COUNTY

Short Style of Case: __Gannett River States Publishing Corp. d/b/a the Clarion-Ledger v. Mississippi Department of Mental Health__
Party Filing Initial Pleading: Type/Print Name __Leonard Van Slyke__   MS Bar No. __6589__
___Check (✓) if Not an Attorney   ___Check (✓) if Pro Hac Vice   Signature _____
Compensatory Damages Sought: $ _____   Punitive Damages Sought: $ _____
**Is Child Support contemplated as an issue in this suit?** ___ Yes  ✓ No   If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual _____   _____   ( _____ )   _____   _____
           Last Name            First Name         Maiden Name, If Applicable   Middle Init.   Jr/Sr/III/IV
Address of Plaintiff _____
___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of _____
___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
   D/B/A / Agency _____
Business __Gannett River States Publishing Corporation__
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
✓ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
   D/B/A: __The Clarion Ledger__

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual _____   _____   ( _____ )   _____   _____
           Last Name            First Name         Maiden Name, If Applicable   Middle Init.   Jr/Sr/III/IV
___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of _____
___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
   D/B/A / Agency _____
Business __Mississippi Department of Mental Health__
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
   D/B/A: _____
ATTORNEY FOR THIS DEFENDANT: _____ Bar No. _____ or  Name: _____   Pro Hac Vice (✓) ___
(If known)

In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.

**Business/Commercial**
- Accounting (Business)
- Bankruptcy
- Business Dissolution - Corporation
- Business Dissolution - Partnership
- Debt Collection
- Employment
- Examination of Debtor
- Execution
- Foreign Judgment
- Garnishment
- Pension
- Receivership
- Replevin
- Stockholder Suit
- Other _____

**Domestic Relations**
- Child Custody/Visitation
- Child Support
- Contempt
- Divorce: Fault
- Divorce: Irreconcilable Differences
- Domestic Abuse
- Emancipation
- Modification
- Paternity
- Property Division
- Separate Maintenance
- Termination of Parental Rights
- UIFSA (formerly URESA)
- Other _____

**Contract**
- Breach of Contract
- Installment Contract
- Insurance
- Product Liability under Contract
- Specific Performance
- Other _____

**Probate**
- Accounting (Probate)
- Birth Certificate Correction
- Commitment
- Conservatorship
- Guardianship
- Heirship
- Intestate Estate
- Minor's Settlement
- Muniment of Title
- Name Change
- Power of Attorney
- Testate Estate
- Will Contest
- Other _____

**Statutes/Rules**
- Bond Validation
- Civil Forfeiture
- Declaratory Judgment
- ERISA
- Eminent Domain
- Extraordinary Writ
- Federal Statutes
- Injunction or Restraining Order
- Municipal Annexation
- Racketeering (RICO)
- Railroad
- Seaman
- ✓ Other __Mississippi Public Records Act__

**Appeals**
- Administrative Agency
- County Court
- Hardship Petition (Driver License)
- Justice Court
- MS Employmt Security Comm'n
- Municipal Court
- Oil & Gas Board
- Workers' Compensation
- Other _____

**Children and Minors - Non-Domestic**
- Adoption - Noncontested
- Consent to Abortion for Minor
- Removal of Minority
- Other _____

**Torts-Personal Injury**
- Bad Faith
- Fraud
- Loss of Consortium
- Malpractice - Legal
- Malpractice - Medical
- Negligence - General
- Negligence - Motor Vehicle
- Products Liability
- Wrongful Death
- Other _____

**Mass Tort**
- Asbestos
- Chemical Spill
- Dioxin
- Hand/Arm Vibration
- Hearing Loss
- Radioactive Materials
- Other _____

**Real Property**
- Adverse Possession
- Ejectment
- Eminent Domain
- Judicial Foreclosure
- Lien Assertion
- Partition
- Receiver Appointment
- Tax Sale: Confirmation/Cancellation
- Title, Boundary &/or Easement
- Other _____

**Civil Rights**
- Elections
- Habeas Corpus
- Post Conviction Relief
- Prisoner
- Other _____