**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MARY TROUPE, et al.,**

                 **Plaintiffs,**

**v.**                                            **Civil Action No. 3:10-cv-153-HTW-MTP**

**HALEY BARBOUR, et al.**

                 **Defendants.**

## RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

On April 24, 2015, Defendants filed with this Court a Motion for Protective Order (ECF No. 68) and represented to this Court that Plaintiffs did not oppose the Motion or the proposed Agreed Protective Order. Although Plaintiffs reviewed and consented to the Agreed Protective Order submitted to this Court, Plaintiffs never saw and did not approve the Defendants' Motion before it was filed. The Motion for Protective Order mischaracterizes certain facts and the status of settlement negotiations between Plaintiffs, Defendants, and the United States Department of Justice ("DOJ"). Plaintiffs remain unopposed to the entry of the Agreed Protective Order; however, Plaintiffs submit this Response to clarify for the Court the context within which Plaintiffs and Defendants negotiated the Agreed Protective Order and to clarify several points in the Defendants' Motion.

    1.    In August 2014, Plaintiffs were notified that Defendants and DOJ had reached an agreement to engage in discussions to settle the DOJ's December 22, 2011 findings.

    2.    The DOJ and the State have agreed to the following confidentiality provision: "Documents created for use in the parties' negotiations, including reports provided by or to [the Technical Assistance Collaborative, or "TAC"], and statements made between the parties and/or

TAC regarding this matter are not admissible as evidence because they are confidential and protected by Rule 408 of the Federal Rules of Evidence unless the State and the Department of Justice agree otherwise. In order to ensure that the parties may work candidly with TAC, neither party will call TAC as a witness or seek discovery from TAC in the event that litigation is necessary." State and DOJ Letter Agreement at 6, *attached as* Exhibit A.

3. In that agreement, the State noted that they "retained TAC to study permanent supported housing (study to be completed by August), and we are about to retain TAC to review *Troupe* issues." *Id.* at 1. Additionally, it was agreed that "[t]he State and the United States will include counsel for the *Troupe* plaintiffs in negotiations and attempt to resolve the *Troupe* claims within the agreement." *Id.* at 4.

4. As to TAC's role in the negotiations, they are not mediators; rather, TAC "will assist the parties during settlement discussions by assessing the State's existing service array, quality, and availability, and make recommendations for necessary improvements in order to address the issues raised in the *Troupe* litigation." *Id.* at 4.

5. In exchange for the State's agreement to produce the TAC report and to engage in settlement discussions with DOJ, the DOJ agreed "to forgo litigation of claims related to services for children with mental health conditions until March 21, 2015," unless an impasse was reached or the parties agreed to an extension. *Id.* at 5.

6. This agreement was signed by the DOJ and the State; however, it was not signed by *Troupe* plaintiffs. *Id.* at 6.

7. In February 2015, the State sent a letter to Plaintiffs' counsel to reinitiate their confidential settlement discussions.

8. Since that time, the State and Plaintiffs' counsel have been attempting to reach a confidentiality agreement that would allow Plaintiffs to join the ongoing settlement negotiations between the State and DOJ with disclosure of the TAC Report. Such an agreement was reached only last week, after which the State filed Defendants' Motion for Protective Order. Plaintiffs have not yet received a copy of the TAC Report. The State has represented that Plaintiffs will receive the TAC Report and join the negotiations between DOJ and the State when the Protective Order is entered.

9. Plaintiffs are agreeable to being bound by the confidentiality provisions contained within Local Rule 83.7; however, the parties are not binding themselves to the other requirements dictated in Local Rule 83.7.

10. Plaintiffs and the State agree that statements made, and documents generated or exchanged by one of the parties to negotiations or the Technical Assistance Collaborative ("TAC") in the course of settlement negotiations, including, but not limited to, the March 2015 TAC Mississippi Children's Behavioral Health Needs Assessment, shall not be disclosed by any of the parties to anyone who is not a party, counsel, or an expert participating in the confidential settlement negotiations unless all parties agree otherwise in writing.

FOR THESE REASONS, Plaintiffs request the Court enter the Agreed Protective Order finding and providing:

(1) There are ongoing confidential settlement negotiations governed by this Court's rules;

(2) Statements made, and documents generated or exchanged by one of the parties to negotiations or the Technical Assistance Collaborative ("TAC") in the course of settlement negotiations, including, but not limited to, the March 2015 TAC Mississippi Children's

Behavioral Health Needs Assessment, shall not be disclosed by any of the parties to the negotiations to anyone who is not a party, counsel, or an expert participating in the confidential settlement negotiations, unless the parties to the negotiations agree otherwise in writing; and

(3) Counsel for defendants shall provide counsel for plaintiffs with a copy of the March 2015 TAC Mississippi Children's Behavioral Health Needs Assessment, and said document shall be subject to the foregoing terms of the Court's order.

THIS the 30th day of April, 2015.

Respectfully submitted,

s/Jody E. Owens, II
Jody E. Owens, II, MS Bar No. 102333
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, Mississippi 39201
601-948-8882 (phone)
601-948-8885 (fax)

Ira Burnim, D.C. Bar No. 406145
The Bazelon Center for Mental Health Law
1101 5th Street NW, Suite 1212
Washington, D.C. 20005
202-467-5730 (phone)
202-223-0409 (fax)
*Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

I, Jody E. Owens, hereby certify that a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

SO CERTIFIED, this 30th day of April, 2015.

/s/Jody E. Owens, II
Jody E. Owens, II, MSB No. 102333