# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| J.B., L.P., L.M., L.S., by and through their next friends, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR PHIL BRYANT, et al. <br><br> Defendants. | CASE NO. 3:10cv153HTW-MTP |

## MOTION FOR RESOLUTION OF DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION AND TO LIFT STAY OF DISCOVERY

### I. Preliminary Statement

Plaintiffs, by and through counsel, move this Honorable Court to render a decision on Defendants' Motion to Dismiss (ECF No. 15), Plaintiffs' Motion for Class Certification (ECF No. 2), and Plaintiffs' Motion to Lift Stay of Discovery (ECF No. 29), all filed in 2010 (together, the "Pending Motions").

Plaintiffs and the class they seek to represent – children with significant behavioral and emotional disorders who have suffered prolonged and unnecessary confinement in hospitals, mental health institutions, and correctional facilities – filed this suit over six years ago to compel the State of Mississippi to create and provide the intensive home and community-based mental health services they need and to which they are entitled under federal law.

The parties have made several attempts to resolve this case through a series of settlement negotiations. Despite best efforts, settlement discussions have failed and further discussions are not anticipated at this juncture. Meanwhile, the well-documented failures in Mississippi's mental health system continue to deprive children of the intensive home- and community-based mental health services they need and to which they are entitled under federal law.

In the six years since this case was filed, the situation for Mississippi's children with behavioral and emotional disorders has not improved: Defendants have elected to expand an already-excessive number of institutional beds, while intensive home- and community-based services remain under-developed and largely unavailable. Defendants have also obtained the benefit of a stay in this case, (ECF No. 16), which has prevented Plaintiffs from moving forward with any of their claims. Consequently, children with significant behavioral and emotional disorders continue to face the same dilemma that existed at the time this suit was filed.

The lives of Plaintiffs, and thousands of similarly-situated children in Mississippi, depend on Defendants' willingness and effort to bring Mississippi's mental health system into alignment with federal law. Plaintiffs therefore ask this Court to resolve the Pending Motions so that Plaintiffs may move forward with their effort to obtain relief from Defendants.

## II.     Procedural History

Plaintiffs, by and through their next friends, filed this action on March 10, 2010 against Defendants Phil Bryant, Governor of Mississippi; David J. Dzielak, Executive Director of the Mississippi Division of Medicaid; Diana Mikula, Director of the Mississippi Department of Mental Health; and the Mississippi Board of Mental Health[1] alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131-12134, as interpreted by *Olmstead*

---

[1] Since the filing of this lawsuit, the names of these official-capacity defendants have changed. The names of the individuals presently occupying these public offices have been automatically substituted pursuant to FED. R. CIV. P. 25(d).

*v. L.C.*, 527 U.S. 581 (1999); and the Early and Periodic Screening, Diagnostic and Treatment ("EPSDT") provisions of the Medicaid portion of the Social Security Act, 42 U.S.C. § 1396 *et seq.* (ECF No. 1).

Defendants Bryant and Dzielak filed a Motion to Dismiss Plaintiffs' EPSDT claim on May 27, 2010 (ECF No. 15), and Magistrate Judge Anderson entered an order that same day staying discovery in the case. (ECF No. 19). Plaintiffs then moved this Court to lift the stay of discovery, or, alternatively, to schedule a case management conference so that discovery could proceed on Count II. (ECF No. 29). After completing briefing on the State's Motion to Dismiss, the parties agreed to enter into formal mediation on August 10, 2010. The parties engaged in mediation for close to one year, but were unable to reach a mutually-agreeable settlement.

On July 15, 2011, Plaintiffs notified this Court that the parties had been unable to reach a settlement agreement and requested that this Court schedule oral argument to hear all of the outstanding motions in this case. Notice on Mediation, (ECF No. 42). This Court heard oral arguments on several pending motions, including Defendants' Motion to Dismiss (ECF No. 15) and Plaintiffs' Motion to Lift Stay of Discovery (ECF No. 29) on August 19, 2011 and October 19, 2011.

Magistrate Judge Parker issued a Report and Recommendations (ECF No. 55) on August 23, 2013, recommending that the Court grant Defendants' Motion to Dismiss Count I and grant Plaintiffs' Motion to Lift Stay of Discovery. Plaintiffs timely objected to Magistrate Judge Parker's recommendation to dismiss Count I of the Complaint. *See* Partial Objection to the Report and Recommendation (ECF No. 56).

On December 22, 2011, the United States Department of Justice ("DOJ") completed an investigation into Mississippi's mental health system and issued a letter detailing its findings that

Mississippi is violating the ADA and the EPSDT provisions of the Medicaid Act by failing to provide children with mental illness with appropriate community-based mental health services, resulting in unnecessary institutionalization. *See* Plaintiffs' Notice at 1-2 (ECF No. 48). DOJ specifically noted that "hundreds of those who are unnecessarily institutionalized in Mississippi in violation of the ADA are children with disabilities." *Id.* (quoting ECF No. 48-1, Letter from T. Perez, Assistant Attorney General, DOJ, to Governor Haley R. Barbour (Dec. 22, 2011)).

DOJ also concluded, among other things, that:

1) "Many Medicaid-eligible children enter psychiatric facilities in Mississippi because they are not receiving medically necessary services that the State is required to provide. Children in Mississippi who have mental health, emotional and behavioral needs typically require services such as intensive case management, mobile crisis services, behavioral support, and family education services to avoid unnecessary institutionalization. Mississippi fails to provide these medically necessary treatment services prior to their institutionalization, and instead, these children cycle through local hospitals, State hospitals, and PRTFs [psychiatric residential treatment facilities], including the Specialized Treatment Facility ("STF")." *Id.*

2) "Staff at STF acknowledged that a large number of the children they serve could succeed in their own homes and communities if they received the supports offered to a limited number of children through the MYPAC program. The State itself has found that MYPAC is equally or more effective than institutional placement. Despite this recognition, the State does not divert all children from segregated congregate placements and offer them effective home-based supports required by EPSDT. . . . The State has an obligation to identify the need for services and provide treatment that will ameliorate

children's disabilities and cannot wait to offer flexible support until after someone has received the most segregated treatment." *Id.* at 2-3.

3) "[C]hildren in Mississippi's institutional settings could be served in the community if flexible, intensive home-based supports were available, and . . . children with similar needs are currently served through the MYPAC program. However, the Division of Medicaid and the DMH staff do not provide the supports mandated under EPSDT to help families prevent unnecessary institutionalization. In fact, few providers are aware that EPSDT services are not limited to those services that already exist in the State Plan." *Id.* at 3.

In August 2014, Plaintiffs' counsel were notified that Defendants and DOJ had reached an agreement to engage in a discussion to settle the DOJ's December 22, 2011 findings. Defendants then sent Plaintiffs' counsel a letter in February 2015 inviting Plaintiffs to join DOJ in settlement discussions. The parties, including DOJ, exchanged several drafts of settlement proposals up through October 2015, but were unable to reach an agreement. Plaintiffs and DOJ then notified this Court during a December 17, 2015 status conference that the parties had reached an impasse and that Plaintiffs and DOJ had terminated settlement negotiations with Defendants. *See* Notice of Termination of Settlement Negotiations (ECF No. 82).

Settlement negotiations have not resumed. Plaintiffs submit that resolution of the pending motions and the initiation of discovery are necessary before the parties can revisit settlement negotiations.

### III. The Pending Motions Should Be Decided Forthwith

With settlement discussions over, it is time to move forward with litigation so that Plaintiffs can have their day in court and obtain the much-needed relief they seek. Plaintiffs

further request that the pending motions be decided forthwith given that Mississippi's children will continue to suffer the consequences of the State's inadequate mental health system until the case resolves.

As to the stay in particular, it is worth noting that when Defendants filed their Motion to Dismiss on May 27, 2010, Rule 16(b)(3)(B) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi required the imposition of a stay on Count I pending this Court's resolution of the Motion to Dismiss. *See* Order Staying Discovery (ECF No. 19). However, Rule 16(b)(3)(B) was recently amended to make a discovery stay discretionary. The Rule now states that "[w]hether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion *are decisions committed to the discretion of the court, upon a motion by any party seeking relief*." L.U.CIV.R. 16(b)(3)(B) (Dec. 1, 2015) (emphasis added). This Court now has clear authority to lift the stay of discovery even if the Motion to Dismiss remains pending.[2]

Should the Court be inclined to immediately lift the stay of discovery prior to deciding the Motion to Dismiss, Plaintiffs urge a scheduling conference to discuss the scope of discovery and to set a discovery schedule.

## IV. Conclusion

Plaintiffs request that the Court decide the Pending Motions immediately, and that the Court grant any other relief it deems appropriate.

**RESPECTFULLY SUBMITTED**, this the 25th day of May, 2016

/s/*Vanessa Carroll*
Vanessa Carroll, MSB# 102736
Southern Poverty Law Center

---

[2] Plaintiffs also intend to contact Magistrate Judge Parker to set a deadline for the FED. R. CIV. P. 26(f) attorney conference and an L.U.CIV.R. 16(a) case management conference so that the parties may commence discovery on Count II.

1055 St. Charles Ave., Suite 505
New Orleans, LA 70130
(504) 486-8982 (p)
(504) 486-8947 (f)
vanessa.carroll@splcenter.org

Jody E. Owens, MSB# 102333
Brooke McCarthy, MSB#104930
Lydia Wright, MSB#105186
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882 (p)
(601) 948-8885 (f)
jody.owens@splcenter.org
brooke.mccarthy@splcenter.org
lydia.wright@splcenter.org

Ira Burnim, D.C. Bar No. 406145*
The Bazelon Center for Mental Health Law
1101 5th Street NW, Suite 1212
Washington, D.C. 20005
202-467-5730 (phone)
202-223-0409 (fax)
*pro hac vice*

Ona T. Wang, N.Y. Bar No. 2987949*
Deborah H. Renner, N.Y. Bar No. 2561728*
Jenna Felz, N.Y. Bar No. 5224548*
Michelle Tanney, N.Y. Bar No. 5101910*
Baker & Hostetler LLP
45 Rockefeller Plaza, 14th Floor
New York, NY 10111
(212) 589-4200 (p)
(212) 589-4201 (f)
owang@bakerlaw.com
drenner@bakerlaw.com
jfelz@bakerlaw.com
mtanney@bakerlaw.com
*pro hac vice*

**Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 25th day of May, 2016.

/s/Vanessa Carroll