IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| MARY TROUPE, ET AL. | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Civil Action No: 3:10CV153-HTW-LRA |
| GOV. HALEY BARBOUR, ET AL. | ) |
| | ) |
|    Defendant. | ) |
| | ) |

## UNITED STATES' RESPONSE IN OPPOSITION TO STATE OF MISSISSIPPI'S MOTION FOR CONSOLIDATION

Mississippi's Motion to Consolidate, *United States v. Mississippi*, 3:16CV622-CWR-FKB, with *Troupe v. Barbour*, 3:10cv153HTW-MTP, should be denied.

1. These cases are factually and legally distinct and involve different plaintiffs. Consolidation would unduly prejudice the *United States* and adults with mental illness whose rights the United States seeks to vindicate, by delaying the proceedings and would not offer opportunities for reducing costs and judicial resources.

2. Consideration of consolidation is a two-step process: the judge in the second-filed action, here *United States v. Mississippi*, first determines whether there is a likelihood of substantial overlap between the two cases. It is only when the second court determines a likelihood of substantial overlap exists that the first-filed court weighs in to determine whether consolidation is warranted.

3. Although the State simultaneously filed its Motion for Consolidation in both courts, the Motion is first properly before the Court in *United States v. Mississippi*.

4. A trial court has broad discretion in determining whether to consolidate a case pending before it. Under Rule 42(a), when separately filed actions "involve a common question of law or fact," a court "may" consolidate the actions.

5. As set forth in the United States' Memorandum of Law in Support of Its Response in Opposition to the State of Mississippi's Motion for Consolidation, there are no common issues of fact or law here. The two cases are factually distinct and will require separate discovery, dispositive motions, factual findings, witnesses, trial, and remedies. The legal issues presented in these cases are also different because they arise from a different set of facts. Finally, the United States is *not* a party to *Troupe;* nor are *Troupe* plaintiffs a party to the United States' case.

6. For support, the United States attaches the exhibits listed below and files a Memorandum of Law in Support of this Response:

Exhibit 1 – *Troupe v. Barbour* Complaint

Exhibit 2 – *United States v. State of Mississippi* Complaint

Exhibit 3 – Mississippi Department of Mental Health, Think Recovery 1 (2015)

Exhibit 4 – Mississippi Department of Mental Health, FY 2016-2017 State Plan

7. The United States respectfully requests that the Court DENY the State's Motion and not transfer or consolidate this case with *Troupe*.

Respectfully submitted,

**FOR THE UNITED STATES:**

| | |
|---|---|
| GREGORY K. DAVIS<br>United States Attorney<br>Southern District of Mississippi | VANITA GUPTA<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division |
| MITZI DEASE PAIGE<br>Assistant United States Attorney | EVE L. HILL<br>Deputy Assistant Attorney General<br>Civil Rights Division |
| | STEVEN H. ROSENBAUM<br>Chief<br>Special Litigation Section |
| | REGAN RUSH<br>Deputy Chief<br>Special Litigation Section |
| Date: Nov. 7, 2016 | */s/ Elizabeth C. Kelley*<br>ELIZABETH C. KELLEY [VA Bar #80255]<br>C. ADRIENNE MALLINSON<br>DEENA FOX<br>Trial Attorneys<br>Special Litigation Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W. - PHB<br>Washington, DC 20530<br>Telephone: (202) 514-0460<br>Beth.Kelley@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I, Elizabeth C. Kelley, Attorney for the United States, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties.

**THIS** 7th day of November, 2016.

*/s/ Elizabeth C. Kelley*
Elizabeth C. Kelley (VA Bar #80255)