# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**MARY TROUPE, et al.**                                                                      **PLAINTIFF**

**V.**                                                          **CAUSE NO. 3:10-CV-153-HTW-LRA**

**GOVERNOR PHIL BRYANT, et al**                                                **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS COUNT ONE

Before this Court is the Report and Recommendations of the United States Magistrate Judge Michael T. Parker, **[docket no. 55],** whereby Judge Parker recommends that this court grant Defendants' Motion to Dismiss Count One of Plaintiff's Complaint or for Judgment on the Pleadings **[docket no.15],** based on failure to state a claim for relief.

Plaintiffs in this case are Medicaid-eligible children who suffer from a variety of emotional, behavioral and mental health disorders. They submit that Mississippi has not provided them with the home and community-based mental health treatment to which they are entitled under the Early and Periodic Screening, Diagnostic, and Treatment (EPSDT) provisions of the Medicaid Act.[1] Plaintiffs also claim that Mississippi's failure to provide these services violates the Americans with Disabilities Act (ADA)[2] and the Rehabilitation Act.[3] Defendants' motion *sub judice* only seeks dismissal of the first count, the Medicaid claims, and does not address the remaining claims asserted under ADA or the Rehabilitation Act.

---
[1] The EPSDT provisions are codified at 42 U.S.C. § 1396 et seq.
[2] 42 U.S.C. § 12101, et seq.
[3] 29 U.S.C. § 701 et seq.

The Defendants herein are: the Governor of the State of Mississippi in his official capacity; the Director of the Mississippi Division of Medicaid in his official capacity; the Chair of the Mississippi Board of Mental Health in his official capacity; and the Director of the Mississippi Department of Mental Health in his official capacity.

This court has subject matter jurisdiction by way of 28 U.S.C. § 1331, as this is a civil action arising under the Constitution and laws of the United States.

This court's authority to review the Magistrate Judge's Order, upon challenge, is provided by Rule 72 (b)(3 of the Federal Rules of Civil Procedure.

The EPSDT provisions at issue require the Division of Medicaid to do three things: 1) provide notice of the availability of EPSDT services; 2) provide for or arrange health screening services *where requested;* and 3) when the need for treatment is disclosed by the screening, arrange for corrective treatment.[4]

Plaintiffs herein do not challenge whether Defendants failed to provide notice of the availability of EPSDT. Nor do Plaintiffs allege that the Defendants failed to provide for or arrange health screening services when requested. Plaintiffs, instead contend that

---

[4] 42 U.S.C. § 1396a(a)(43) states as follows:
  (a)  A State plan for medical assistance must—
       …
  (43) provide for—
      (A) informing all persons in the State who are under the age of 21 and who have been determined to be eligible for medical assistance including services described in [42 U.S.C. § 1396d(r)], of the availability of early and periodic screening, diagnostic, and treatment services as described in [42 U.S.C. § 1396d(r)] and the need for age-appropriate immunizations against vaccine-preventable diseases,
      (B) providing or arranging for the provision of such screening services in all cases where they are requested, [and]
      (C) arranging for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment the need for which is disclosed by such child health screening services …

Defendants have failed to abide by their duty to identify, under 42 U.S.C. § 1396a (a)(43) of the Act, persons who are eligible for medical assistance, to wit screening services, diagnosis and treatment services.

The Magistrate Judge found that Plaintiffs did not allege sufficient facts to demonstrate that Defendants had violated the requirements of 42 U.S.C. § 1396a (a)(43). In making this determination, the Magistrate Judge identified two main issues: First, whether Plaintiffs were required to request screening under the provisions of Subsection (43)(B) before a duty is created for the Defendants to provide treatment under (43)(C); and Secondly, whether the Plaintiffs had made such a request for screening.

The Magistrate Judge answered the first interrogatory in the affirmative, but determined that the second question was in the negative.

Plaintiffs, the Magistrate Judge found, did not even allege that they had requested screening pursuant to Subsection (43)(B), contrary to their obligation as found by the Magistrate Judge. In fact, Plaintiffs even acknowledged that they had not requested screening or treatment from the Defendants. The Magistrate Judge, therefore, recommended that the District Judge grant Defendant's Motion to Dismiss Count One of the Complaint [docket no. 15].

This Court is aware that other courts have reached a different view on the issue of whether Plaintiffs have the affirmative duty to request health screenings under the EPSDT. See *Stanton v. Bond*, 504 F.2d 1246, 1250-51 (7th Cir. 1974); *Rosie D. v. Romney*, 410 F. Supp. 2d 18 (D.Mass. 2006). This Court, though, is persuaded that the Magistrate Judge's Report and Recommendations *sub judice* represent the sounder reasoning.

3

## CONCLUSION

After due consideration of the Defendants' motion and the memoranda submitted in relation thereto, the Magistrate Judge's Report and Recommendations, the partial objections and response to same, the record and relevant law, this Court finds that the Magistrate Judge's Report and Recommendations should be **adopted** as the finding of this Court **[docket no. 55].** Accordingly, this Court finds that the Defendants' Motion to Dismiss **[docket no. 15]** should be **granted**, and Count One of Plaintiff's Complaint should be dismissed for failure to state a claim for which relief may be granted.

**SO ORDERED AND ADJUDGED,** this the 7th day of November, 2016.

    s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE