# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**MARY TROUPE, et al.**                                                                      **PLAINTIFFS**

**V.**                                            **CIVIL ACTION NO. 3:10-CV-153-HTW-MTP**

**HALEY BARBOUR, et al.**                                                **DEFENDANTS**

## ORDER

For the reasons stated below, the Court **grants** Defendants' Motion to Consolidate [112] the lawsuit filed by the United States Department of Justice against the State of Mississippi – *United States v. Mississippi*, No. 3:16-CV-622-CWR-FKB (S.D. Miss. Aug. 11, 2016) – with this case.

## I. BACKGROUND

Plaintiffs in this case are a group of Medicaid-eligible children who allegedly suffer from a variety of behavioral, emotional, and mental health disorders. They claim that the state of Mississippi failed to provide them integrated home- and community-based services which were medically necessary to address their mental health needs. Instead, Plaintiffs are allegedly forced to seek treatment in restrictive residential-treatment facilities which sever connections with family and peers and exacerbate their mental disorders. Plaintiffs claim that Defendants' failure to provide adequate mental health services violates the Americans with Disabilities Act ("ADA")[1] and the

---

[1] 42 U.S.C. § 12101, et seq.

Rehabilitation Act.[2]

In *United States v. Mississippi*, No. 3:16-CV-622-CWR-FKB (S.D. Miss. Aug. 11, 2016) (the "DOJ case"), the United States alleges that Mississippi discriminates against adults with mental illness by administering and funding its programs and services in a manner that creates repeated, prolonged, and unnecessary institutionalization in state-run psychiatric hospitals. The United States argues that these policies violate the ADA, and the State must provide community-integrated services, programs, and activities to adults with mental illness in Mississippi.

Mississippi filed Motions to Consolidate [112] in each case.[3] The United States opposes the motion, but, according to the State, the *Troupe* Plaintiffs have no position on the issue.

## II. DISCUSSION

Rule 42 provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). District courts in this Circuit consider a variety of factors when addressing a motion to consolidate, including:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common

---

[2] 29 U.S.C. § 701, et seq.

[3] Pursuant to Local Rule 42, a motion to consolidate two cases in the same division is noticed to the Magistrate Judge before whom the case with the lower docket number is pending. *See* L.U.Civ.R. 42.

questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Crest Audio, Inc. v. QSC Audio Prods.*, No. 3:12-CV-755-CWR-FKB, 2016 U.S. Dist. LEXIS 80561, at *5-*6 (S.D. Miss. Mar. 4, 2016) (quoting *In re Camp Arrowhead, Ltd.*, No. SA-10-CV-170-XR, 2010 U.S. Dist. LEXIS 21177, at *3-*4 (W.D. Tex. Mar. 8, 2010)). "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989).[4]

### A. Same Court

The two cases are pending before the same court. This factor weighs in favor of consolidation.

### B. Common Parties

The State of Mississippi is the Defendant in each case. Although the United States is not a party to this case, it filed a Statement of Interest [57] in a pending dispositive motion, counsel have entered appearances on its behalf [79, 80, 81], it has participated in various telephone conferences with the Court, and it has participated

---

[4]The analytical framework proposed by the United States is inapplicable. The primary cases cited by the United States – *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999), *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671 (5th Cir. 2011), *W. Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721 (5th Cir. 1985) – addressed application of the "first-to-file" rule where identical cases were pending before two different courts. Here, the two cases are pending in the same division of the same court.

in settlement negotiations. Although the Plaintiffs here are not involved in the DOJ case, their claims are substantially similar to those presented by the United States.

"Consolidation is not limited to actions involving identical parties . . . , but is available to different parties . . . in actions having common questions of fact and law." *Attala Hydratane Gas, Inc. v. Lowry Tims Co.*, 41 F.R.D. 164, 165 (N.D. Miss. 1966). Here, there are parties common to both cases. As noted above, the State of Mississippi is a party in each case, and the United States has, at the very least, an interest in the outcome of both cases. Therefore, the cases share common, albeit not identical, parties.

### C.     *Common Questions of Law and Fact*

It is beyond question that the two cases share common questions of law. Both cases challenge Mississippi's provision of services to the mentally ill, citing *Olmstead v. L. C.*, 527 U.S. 581, 119 S. Ct. 2176, 144 L. Ed. 2d 540 (1999). The plaintiffs in both cases allege that unnecessarily confining those needing mental health care to state-run institutions, rather than providing community-integrated care, constitutes unlawful discrimination under Title II. Further, the *Troupe* Plaintiffs' only distinctive claim – concerning Defendant's alleged failure to provide Early and Periodic Screening, Diagnostic, and Treatment services under the Medicaid Act – has been dismissed, completely aligning the causes of action in the two cases.  Therefore, the cases share numerous common legal issues.

As for the facts, one case addresses mental health services for children, while the other addresses mental health services for adults. As such, the cases will likely present both common and different questions of fact.

4

Overall, this factor weighs in favor of consolidation. The legal issues presented by the two cases are so similar that it outweighs whatever slight variance there may be in the facts. Both cases present broad challenges to Mississippi's public policies concerning the provision of services and treatment under Medicaid to those with mental illness. Insofar as one case concerns children and the other concerns adults, these are simply facets of the same system.

### D.     *Risk of Prejudice, Confusion, Inconsistent Rulings*

Consolidation poses little to no risk of prejudice to the parties. Discovery has not begun in either case. An initial Case Management Conference is scheduled in each case within the next week. Therefore, neither is substantially further along in discovery than the other, and consolidation will not delay resolution of either case.

As far as confusing the issues, the Court again notes that the cases involves substantially similar legal claims. Each case involves a facet of the same mental health system. While there will undoubtedly be some need to distinguish between fact issues related to each facet, the Court does not believe it will be as difficult or confusing as the United States argues.

Even if consolidation did pose a risk of prejudice or confusion, the need to avoid inconsistent rulings outweighs such risk. Both cases involve demands for broad injunctive relief. Therefore, inconsistent rulings could lead to disparate State obligations concerning the provision of mental health care and services to adults and children.

5

### E. *Conservation of Judicial Resources*

Consolidating the cases will conserve judicial resources insofar as one District Judge will hear the two cases, rather than duplicating work by having two different judges consider the same legal issues. Furthermore, in light of the similarity of the claims in each case, it is likely that any proposed settlements and/or potential remedies would have to be crafted with both cases in mind – as evidenced by the United States' participation in this case's settlement negotiations.

The Court also believes that consolidation will save the parties' resources insofar as they can work jointly on briefing dispositive issues and avoid duplication of discovery efforts.

### F. *Unfair Advantage*

Neither party has articulated any manner in which consolidation would create an unfair advantage.

### G. *Reduction of Time*

The United States argues that consolidation will increase the time for resolution of the DOJ case because *Troupe* involves procedural complexities inherent to class actions, and because there are motions pending in *Troupe* that await resolution. The Court will assume, for the purpose of addressing the current motion, that this factor weighs against consolidation.

### H. *Reduction of Cost*

Consolidation could reduce the parties' cost, at least to a minor degree, insofar as they can conduct joint discovery efforts and work together in briefing dispositive

motions. This factor weighs slightly in favor of consolidation.

## I. *Summary*

Most of these factors weigh in favor of consolidation. The two cases at issue involve the same substantive questions of law. Their facts may differ in some respects, but each case involves a different facet of the same state mental health system. Accordingly, some factual overlap is likely. Consolidating the cases may present some minor procedural hurdles, but overall it would "avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(3).

## III. CONCLUSION

For the reasons above, the Court **grants** Defendant's Motion to Consolidate [112]. *United States v. Mississippi*, No. 3:16-CV-622-CWR-FKB (S.D. Miss. Aug. 11, 2016) shall immediately be consolidated with this case, *Troupe v. Barbour*, No. 3:10-CV-153-HTW-MTP (S.D. Miss. Mar. 10, 2010). Pursuant to Local Rule 42, all future filings in either case shall be filed in this case, as it bears the lower docket number.

SO ORDERED this 6th day of December, 2016.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE