**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

| | |
|---|---|
| J.B., L.P., L.M., L.S., by and through their next friends, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) CASE NO. 3:10cv153HTW-MTP |
| GOVERNOR PHIL BRYANT, et al. | ) |
| Defendants. | ) |

## MOTION FOR RECONSIDERATION

Plaintiff L.S., by and through his counsel, moves this Court to reconsider its December 6, 2016 Order consolidating *J.B., et al. v. Bryant*, *et al.*, No. 3:10-CV-153-HTW-MTP (S.D. Miss. Mar. 10, 2010) ("*Troupe*"), with *United States v. Mississippi*, No. 3:16-CV-622-CWR-FKB (S.D. Miss. Aug. 11, 2016) (the "DOJ case") (EFC No. 127).

As a result of the extraordinary delay in the adjudication of *Troupe*, this case is no longer a putative class action on behalf of children under the age of twenty-one with behavioral or emotional disorders. Instead, *Troupe* has become an individual action on behalf of a single adolescent, L.S., who brings a single legal claim. Consolidation of this action with the DOJ's systemic challenge to Mississippi's provision of services to adults with mental illness would result in manifest injustice to L.S., who has already waited six years for his day in court. Accordingly, Plaintiffs moves this Court to vacate its order consolidating *J.B., et al. v. Bryant, et al*. and *United States v. Mississippi*.

1

## BACKGROUND

### A. Procedural posture of *Troupe*.

In 2010, four Medicaid-eligible children under the age of twenty-one – J.B., L.P., L.M., and L.S. – filed a class action on behalf of themselves and similarly-situated children with significant behavioral and emotional disabilities who have experienced prolonged and unnecessary confinement in hospitals, mental health institutions, and correctional facilities. (ECF No. 1). They sought to compel Mississippi to provide intensive home-based and community-based mental health services which they needed and to which they were entitled. These plaintiffs moved for class certification on March 10, 2010 (ECF No. 2), but that motion was never resolved by the Court.

During the six-year pendency of this case, three of the four putative class representatives – J.B., L.P., and L.M. – have turned 21 years old. Because they have "aged out" of the children's mental health system, their individual claims are no longer ripe for adjudication. As a result, L.S., who is 19 years old, is the only remaining plaintiff in this lawsuit. L.S. is a person with a developmental disability with co-occurring mental illness. His primary needs for support are related to his developmental disability, not his mental illness. The remedy he seeks is the provision of home and community-based services from Defendants' existing statewide system of home and community-based services for people with developmental disabilities.

Due to the six-year delay in the adjudication of this case[1] and the substantial change in circumstances for the original Plaintiffs over the intervening years, L.S. no longer seeks class certification. On November 18, 2016, Plaintiff's counsel notified Defendants' counsel by

---

[1] Defendants filed a motion to dismiss on May 10, 2010. (ECF No. 15). This Court issued its Report and Recommendations on August 23, 2013, in which it recommended dismissal of Plaintiffs' claim under the Early and Periodic Screening, Diagnostic and Treatment ("EPSDT") provisions of the Medicaid Act. (ECF No. 55). The District Court did not issue its Order adopting the Report and Recommendations until November 7, 2016. (ECF No. 120).

2

telephone that they were no longer seeking class certification and would instead pursue L.S.'s individual claim. On December 1, 2016, counsel for Plaintiff again informed Defendants' counsel that they were no longer seeking class certification. Accordingly, Counsel for Plaintiff and Defendants drafted a joint proposed case management order solely for L.S.'s individual claim.

L.S. withdrew his pending motion for class certification on December 7, 2016. (ECF No. 129). At the same time, he notified the Court that he will timely move to amend his complaint to remove the class allegations, thus rendering his case an individual one. As a result, the only remaining claim in *Troupe* is L.S.'s individual claim under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. Under those statutes, L.S. is entitled to receive services, programs, and activities in the most integrated setting appropriate to his needs.

### B. Procedural posture of the DOJ case.

The DOJ case is a systemic challenge to Mississippi's provision of services to adults with mental illness under the Americans with Disabilities Act and the Civil Rights of Institutionalized Persons Act (CRIPA). CRIPA permits the United States to initiate action to vindicate the rights of individuals confined to psychiatric institutions which are owned, operated, or managed by the State, who have been deprived of their statutory rights. *See* 42 U.S.C. § 1997. The DOJ complaint alleges that Mississippi discriminates against adults with mental illness by administering and funding its programs and services in a manner that creates repeated, prolonged, and unnecessary institutionalization in state-run psychiatric hospitals.

The United States argues that these policies violate the ADA, and the State must provide community-integrated services, programs, and activities to adults with mental illness in Mississippi. On December 6, 2016, the DOJ case was consolidated with *Troupe*. (ECF No. 127).

3

## LAW AND ANALYSIS

### A. Reconsideration is necessary to prevent manifest injustice to L.S., the only remaining plaintiff in *Troupe*.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Granting a motion to alter or amend is appropriate in cases with: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (citing FED. R. CIV. P. 59).

In this case, reconsideration is necessary to prevent manifest injustice to L.S., who is the only remaining plaintiff in *Troupe*. As explained above, L.S.'s only claim is for the provision of appropriate home and community-based services within Mississippi's system of services for individuals with developmental disabilities in the most integrated setting pursuant to the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. In contrast, the DOJ case presents a broad challenge to Mississippi's public policies and practices concerning the provision of services and treatment to adults with mental illness. Mental illnesses and developmental disabilities are distinct categories of conditions. The services, supports and treatments for these conditions are also different and distinct.

### B. *Troupe* and the DOJ case should not be consolidated.

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). District courts consider a variety of factors when addressing a motion to consolidate, including:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Crest Audio, Inc. v. QSC Audio Products, Inc.*, 3:13-CV-610-CWR-FKB, (S.D. Miss. Mar. 4, 2016). "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989).

### 1. Consolidation would prejudice L.S., who has already been waiting six years for relief.

L.S. was thirteen years old when *Troupe* was filed in 2010. He has waited six years for relief. During those years, L.S. has been unnecessarily segregated and institutionalized in psychiatric residential treatment facilities, intermediate care facilities for people with developmental disabilities, state hospitals, and group homes across Mississippi. These facilities deny L.S. the benefits of a life in the community. As a result, he has been unable to pursue everyday life activities that contribute to his growth and development as a person.

L.S. only seeks to enforce his individual right under the ADA and Rehabilitation Act to receive services, programs, and activities in the most integrated setting appropriate to his needs. L.S. does not seek broad injunctive relief or seek to challenge Mississippi's public policies and practices concerning the provision of services and treatment under Medicaid to adults with mental illness. Consolidation of his claims with those of the United States' will substantially increase the time and cost to litigate his claims. Plaintiff is informed and believes that the United States and state had jointly proposed a scheduling order prior to consolidation requesting trial by January 2019. Plaintiff believes his individual case will be ready for trial by the end of 2017.

### 2. Consolidation will cause unnecessary cost and delay in the resolution of L.S.'s claim.

Consolidation will unnecessarily and unfairly prolong L.S.'s case, since the DOJ case involves procedural complexities inherent to systemic litigation between the United States and a State government that are absent from the individual claim at issue in *Troupe*. Similarly, consolidation will greatly increase costs to L.S., since the discovery and motions practice necessary to resolve his claim are considerably less complicated than those of the DOJ's statewide, systemic claims. Further, the discovery in the United States' case regarding the Defendants' mental health system including conditions within Mississippi's institutions will be irrelevant to L.S.'s claims regarding his need for home and community based services and supports as a person with a developmental disability. Because L.S.'s interests diverge significantly from the interests of the United States, it is unlikely that the parties can reduce costs by conducting joint discovery and briefing joint dispositive motions. Costs for L.S. in conducting discovery in a consolidated case will be substantially more than if he were litigating his sole claim.

### 3. Considering the posture of *Troupe*, common questions of law and fact do not justify consolidation.

In support of consolidation, the Court found that *Troupe* and the DOJ case share common questions of law and fact because "[b]oth cases present broad challenges to Mississippi's public policies concerning the provision of services and treatment under Medicaid to those with mental illness. Insofar as one case concerns children and the other concerns adults, these are simply facets of the same system." (ECF No. 127 at 5). While this was true in 2010, *Troupe* is no longer a "broad challenge" Mississippi's public policies. Instead, it seeks only to enforce the right of one adolescent with developmental disabilities to receive services, programs, and activities in the

most integrated setting appropriate to his needs. L.S. has already waited six years for these services, which he needs and to which he is entitled. Any further delay, including those caused by consolidation, constitutes a manifest injustice.

## **CONCLUSION**

Plaintiff respectfully requests that the Court grant the pending motion to reconsider and vacate its December 6, 2016 Order consolidating *J.B., et al. v. Bryant, et al.* and *United States v. Mississippi*.

**RESPECTFULLY SUBMITTED**, this the 9th day of December, 2016.

/s/*Lydia Wright*
Lydia Wright, MSB# 105186
Jody E. Owens, MSB# 102333
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882 (p)
(601) 948-8885 (f)
lydia.wright@splcenter.org
jody.owens@splcenter.org

Vanessa Carroll, MSB# 102736
Southern Poverty Law Center
1055 St. Charles Ave., Suite 505
New Orleans, LA 70130
(504) 486-8982 (p)
(504) 486-8947 (f)
vanessa.carroll@splcenter.org

Ira Burnim, D.C. Bar No. 406145*
The Bazelon Center for Mental Health Law
1101 5th Street NW, Suite 1212
Washington, D.C. 20005
202-467-5730 (phone)
202-223-0409 (fax)
**pro hac vice*

Ona T. Wang, N.Y. Bar No. 2987949*
Deborah H. Renner, N.Y. Bar No. 2561728*
Jenna Felz, N.Y. Bar No. 5224548*

          Michelle Tanney, N.Y. Bar No. 5101910*
          Baker & Hostetler LLP
          45 Rockefeller Plaza, 14th Floor
          New York, NY 10111
          (212) 589-4200 (p)
          (212) 589-4201 (f)
          owang@bakerlaw.com
          drenner@bakerlaw.com
          jfelz@bakerlaw.com
          mtanney@bakerlaw.com
          *pro hac vice*

          **Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 9th day of December, 2016

/s/ Lydia Wright