IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| J.B., L.P., L.M., L.S., by and through their next friends, | |
| Plaintiffs, | Case No. 3:10-cv-153-HTW-MTP |
| v. | *Consolidated with* |
| GOVERNOR PHIL BRYANT, et al. | Case No. 3:16-cv-622-CWR-FKB |
| Defendants. | |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff L.S., by and through undersigned counsel, respectfully moves the Court for leave to file a first amended complaint, attached as Exhibit A, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. In light of the significant factual and procedural developments since this case was filed more than six years ago, good cause exists to amend the complaint.

**BACKGROUND**

In 2010, four Medicaid-eligible children under the age of twenty-one – J.B., L.P., L.M., and L.S. – filed a class action on behalf of themselves and similarly-situated children with significant behavioral and emotional disabilities who have experienced prolonged and unnecessary confinement in hospitals, mental health institutions, and correctional facilities. (ECF No. 1). They sought to compel Mississippi to provide intensive home-based and community-based mental health services which they needed and to which they were entitled. These plaintiffs moved for class certification on March 10, 2010 (ECF No. 2), but that motion was never decided by the Court.

On May 10, 2010, Defendants filed a motion to dismiss. (ECF No. 15). This Court issued its Report and Recommendations on August 23, 2013, in which it recommended dismissal of Plaintiffs' claim under the Early and Periodic Screening, Diagnostic and Treatment ("EPSDT") provisions of the Medicaid Act. (ECF No. 55). The District Court did not issue its Order adopting the Report and Recommendations until November 7, 2016, more than six years after this case was filed. (ECF No. 120). This Order was the first dispositive ruling in this case.

Due to the six-year delay in the adjudication of this case, three of the four putative class representatives – J.B., L.P., and L.M. – have turned 21 years old. Because they have "aged out" of the children's mental health system, their individual claims are no longer ripe for adjudication. As a result, L.S., who is 19 years old, is the only remaining plaintiff in this lawsuit.[1]

As a result of the substantial change in circumstances for the original plaintiffs over the intervening years, L.S. no longer seeks class certification. On November 18, 2016, counsel for L.S. notified Defendants' counsel by telephone that they were no longer seeking class certification and would instead pursue L.S.'s individual claim under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. On December 1, 2016, counsel for L.S. again informed Defendants' counsel that they were no longer seeking class certification. Accordingly, Counsel for both parties drafted a joint proposed case management order solely for L.S.'s individual claim.

L.S. withdrew his motion for class certification on December 7, 2016. (ECF No. 129). At the same time, he notified the Court that he would timely move to amend his complaint to remove the class allegations, thus rendering his case an individual one. L.S. filed the pending

---

[1] L.S. is a person with a moderate intellectual developmental disability and a co-occurring mental illness. His primary needs for support are related to his developmental disability, not his mental illness. The remedy he seeks is the provision of home and community-based services from Defendants' existing statewide system of home and community-based services for people with developmental disabilities.

2

motion to amend his complaint less than two months after the District Court issued its first dispositive ruling in this case.

## LAW AND ANALYSIS

**A.     L.S. has met the standard for obtaining leave to file an amended complaint.**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). "Rule 15(a) 'evinces a bias in favor of granting leave to amend.'" *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). The district court has extensive discretion to decide whether to grant leave to amend. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); 6 Charles Alan Wright et al., Federal Practice and Procedure: Civil 2d §1486 (2d ed. 1990).

The Fifth Circuit Court of Appeals has established that leave to amend may be properly denied in the following circumstances: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) the amendment would be futile. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). None of these factors are present here. Accordingly, L.S.'s first motion for leave to amend should be granted.

    1. <u>L.S. moved expeditiously to amend his complaint.</u>

The extraordinary delay in the adjudication of this case is not due to inaction by L.S. In fact, L.S. has been waiting for relief since this case was filed in 2010. L.S. filed the pending motion for leave to amend shortly after the Court's November 7, 2016 Order resolving Defendants' motion to dismiss, which had been pending since 2013. Since there was no undue

3

delay in L.S.'s request to amend, this factor clearly weighs in favor of granting the pending motion.

    2. <u>L.S. is acting in good faith.</u>

L.S. does not request leave to amend in bad faith or for a dilatory motive. Rather, he seeks to amend his complaint because the six year delay in the adjudication of this case has substantially changed its posture and claims. L.S. simply seeks to expeditiously resolve his remaining individual claim under the Americans with Disabilities Act and the Rehabilitation Act so that he can secure the relief that he has been entitled to for the last six years. Further, there have been no allegations of bad faith or dilatory motive. This factor favors granting this motion.

    3. <u>The pending motion is L.S.'s first request to amend.</u>

L.S. has not previously moved to amend his pleadings, so there have been no repeated failures to cure deficiencies by previous amendments. This factor clearly favors granting leave to amend.

    4. <u>Amendment would not unduly prejudice Defendants.</u>

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. The proposed amended complaint does not seek to add any new defendants, set forth any new claims, or raise any new legal theories. A case management order has not been entered, and discovery has not commenced. Indeed, as this Court has observed, this six-year-old case is still in its procedural infancy. No prejudice would result to Defendants in allowing L.S. to amend the complaint.

    5. <u>L.S. has alleged sufficient facts to state claims for relief.</u>

4

Finally, L.S.'s request to file an amended complaint is not futile because he has alleged sufficient facts to state claims for relief that is facially plausible. In *Olmstead v. L.C.*, 527 U.S. 581 (1999), the Supreme Court held that Title II of the ADA prohibits the unnecessary segregation and institutionalization of people with disabilities.

L.S. is an individual with a moderate intellectual developmental disability and co-occurring behavioral disabilities. Since this case was filed in 2010, L.S. has been unnecessarily segregated and institutionalized in nearly a dozen long-term residential treatment centers, state hospitals, and group homes. He has received only limited outpatient counseling and medication management from his community mental health center. As a result of Defendants' policies, practices, and procedures, L.S. has not been provided with home-based and community-based services to treat or ameliorate his moderate intellectual developmental disability. L.S. is entitled to receive services and supports in the most integrated setting appropriate to his needs under the ADA and the Rehabilitation Act.

Further, L.S. is a Medicaid-eligible individual under the age of 21. He is entitled to all necessary care and services under the EPSDT provision of the Medicaid Act to "correct or ameliorate" his conditions. L.S. needs various home and community based services covered by the Medicaid Act to ameliorate his conditions, including case management services, personal care services, therapy services, physician services, behavioral supports services, crisis services, family education and training services, supported employment services, and therapeutic foster care/host home services. L.S. is entitled to receive these necessary services under the Medicaid Act.

**B.     Amendment is necessary to prevent continued injustice to L.S.**

Leave to amend should be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). L.S. has already suffered manifest injustice as the result of the six year delay in the adjudication of this case. During these years, L.S. has been unnecessarily segregated and institutionalized in various facilities across Mississippi. These facilities have denied and continue to deny L.S. the benefits of a life in the community. As a result, he has been unable to pursue everyday life activities that contribute to his growth and development as a person. He has been unable to maintain any family connections or any other consistent social relationships, and he has been unable to pursue educational and work opportunities that are essential to preparing him for the life ahead of him. Any further delay in adjudicating his single remaining claim constitutes a manifest injustice.

The interests of justice will further be served by having all allegations properly before the Court as set forth in L.S.'s proposed amended complaint. The amendments are narrowly tailored to reflect the present circumstances of this case.

## CONCLUSION

Plaintiff L.S. respectfully requests that the Court grant L.S.'s first motion for leave to file the amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED**, this the 13th day of January, 2017.

/s/*Lydia Wright*
Lydia Wright, MSB# 105186
Jody E. Owens, MSB# 102333
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882 (p)
(601) 948-8885 (f)
lydia.wright@splcenter.org

jody.owens@splcenter.org

Vanessa Carroll, MSB# 102736
Southern Poverty Law Center
1055 St. Charles Ave., Suite 505
New Orleans, LA 70130
(504) 486-8982 (p)
(504) 486-8947 (f)
vanessa.carroll@splcenter.org

Ira Burnim, D.C. Bar No. 406145*
The Bazelon Center for Mental Health Law
1101 5th Street NW, Suite 1212
Washington, D.C. 20005
202-467-5730 (phone)
202-223-0409 (fax)
*pro hac vice*

Ona T. Wang, N.Y. Bar No. 2987949*
Deborah H. Renner, N.Y. Bar No. 2561728*
Jenna Felz, N.Y. Bar No. 5224548*
Michelle Tanney, N.Y. Bar No. 5101910*
Baker & Hostetler LLP
45 Rockefeller Plaza, 14th Floor
New York, NY 10111
(212) 589-4200 (p)
(212) 589-4201 (f)
owang@bakerlaw.com
drenner@bakerlaw.com
jfelz@bakerlaw.com
mtanney@bakerlaw.com
*pro hac vice*

**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 13th day of January, 2017.

/s/ Lydia Wright