IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY TROUPE, et al.     PLAINTIFF

V.     CIVIL ACTION NO.: 3:10cv00153-HTW-MTP

HALEY BARBOUR, et al.     DEFENDANT

CONSOLIDATED WITH

UNITED STATES OF AMERICA

V.

THE STATE OF MISSISSIPPI

### MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### Introduction

Plaintiff L.S.'s Motion for Leave to File Amended Complaint (Dkt. 135) should be denied for at least two reasons, both of which involve L.S.'s improper attempt to reassert a claim that was previously dismissed with prejudice – *i.e.*, Plaintiffs' claim under the Early and Periodic, Screening, Diagnostic, and Treatment (EPSDT) provision of the Medicaid Act.[1]

First, Plaintiffs' EPSDT claim was previously dismissed with prejudice, and any claims dismissed with prejudice should not be realleged in an amended complaint.

Second, L.S.'s EPSDT claim in his proposed Amended Complaint contains the same defect that resulted in the dismissal of Plaintiffs' original EPSDT claim.

Because L.S.'s proposed Amended Complaint attempts to reassert the EPSDT that was previously dismissed, his Motion for Leave to File Amended Complaint should be denied.

---

[1] 42 U.S.C. § 1396, *et seq.*

I.  **Claims Dismissed With Prejudice Cannot Be Realleged.**

Plaintiffs' Complaint contains an EPSDT claim. (Dkt. 1 at ¶¶ 63-65). The State moved to dismiss Plaintiffs' EPSDT claim. (Dkt. 15). United States Magistrate Judge Michael T. Parker issued his Report and Recommendations, which found that Plaintiffs' EPSDT claim should be dismissed with prejudice. (Dkt 55 at p. 11). On November 7, 2016, the Court adopted Judge Parker's Report and Recommendation. (Dkt. 120).

Under Fifth Circuit precedent, any claims dismissed with prejudice should not be realleged in an amended complaint. *Lincoln Gen. Inc. Co. v. U.S. Auto Ins. Svcs., Inc.*, 787 F.3d 716, 724 (5th Cir. 2015). United States Magistrate Judge F. Keith Ball recently applied this rule in denying a motion for leave to file an amended complaint because the proposed amended complaint included a claim that was previously dismissed with prejudice. *Sealey v. Bruister*, Civil Action No. 3:15-cv-137-DPJ-FKB, Dkt. 139, Nov. 21, 2016 (Exh. 1).

Because Plaintiffs' original EPSDT claim was dismissed with prejudice, L.S. should not be permitted to reallege an EPSDT claim in an amended complaint.

II. **L.S.'s Proposed EPSDT Claim Contains The Same Defect That Resulted In The Dismissal Of Plaintiffs' Original EPSDT Claim.**

The EPSDT claim in L.S.'s proposed Amended Complaint is virtually identical to the EPSDT claim in Plaintiffs' original Complaint that was dismissed. (*Compare* Dkt. 1 at 63-65 *with* Dkt. 135-1 at ¶¶ 55-57). The only difference with respect to the EPSDT claim is that L.S.'s proposed Amended Complaint alleges that "L.S. has been screened and determined to need home and community based services to ameliorate his conditions …." (Dkt. 135-1 at ¶ 42). But this does not cure the defect that resulted in the dismissal of Plaintiffs' original EPSDT claim.

As this Court previously found, a plaintiff like L.S. is required to request screening under the provisions of § 1396(a)(43)(B) "before a duty is created for the Defendants to provide treatment under (43)(C)." (Dkt. 120 at p. 3). No such duty is created if the plaintiff fails to

2

allege that he requested screening from the Defendants, and L.S. failed to so allege. (*Id.*; Dkt. 55 at p. 9).

Judge Parker found that Plaintiffs conceded during oral argument on August 19, 2011, "that they have not requested anything from the Defendants – screening, treatment, or otherwise." (Dkt. 55 at p. 9). Nothing in L.S.'s proposed Amended Complaint negates or even addresses this concession.

Because L.S.'s EPSDT claim in his proposed Amended Complaint contains the same defect that resulted in the dismissal of Plaintiffs' original EPSDT claim, L.S.'s Motion for Leave to File Amended Complaint should be denied.

**Request for Relief**

For these reasons, Plaintiff L.S.'s Motion for Leave to File Amended Complaint (Dkt. 135) should be denied.

THIS, the 27th day of January, 2017.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: */s/ James W. Shelson*
    Reuben V. Anderson, MB 1587
    W. Thomas Siler, MB 6791
    James W. Shelson, MB 9693
    R. Gregg Mayer, MB 102232
    A. Martin Edwards, IV, MB 104677
    4270 I-55 North
    Jackson, Mississippi 39211-6391
    Post Office Box 16114
    Jackson, Mississippi 39236-6114
    Telephone: 601-352-2300
    Telecopier: 601-360-9777
    Email: andersor@phelps.com
          silert@phelps.com
          shelsonj@phelps.com
          gregg.mayer@phelps.com

martin.edwards@phelps.com

Harold Pizzetta, III, Esq., MB 99867
Assistant Attorney General
General Civil Division
Walter Sillers Building
550 High Street
Jackson, MS 39201

Attorneys for the State of Mississippi

**CERTIFICATE OF SERVICE**

I certify that on January 27, 2017, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.

*/s/ James W. Shelson*
JAMES W. SHELSON