# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**MARY TROUPE, et al.**                                                                                            **PLAINTIFFS**

**VS.**                                                 **CIVIL ACTION NO. 3:10-cv-153-HTW-MTP**

**HALEY BARBOUR, et al.**                                                                    **DEFENDANTS**

## ADVISING COURT OF APPARENT VIOLATION OF PROTECTIVE ORDER

On information and belief, Intervenor Gannett River States Publishing Corporation d/b/a The Clarion-Ledger ("Intervenor") hereby advises this Honorable Court that the Attorney General's Office is allowing members of the legislature to review the TAC Report ("Report") in violation of the Protective Order it sought. Furthermore, the Attorney General has vigorously opposed Intervenor's Motion to Vacate the Protective Order and thus allow Mississippi taxpayers to view the contents of the Report.

The Protective Order states, in part:

> IT IS HEREBY ORDERED:
> 1. There are ongoing confidential settlement negotiations governed by this Court's rules;
> 2. Statements made, and documents generated or exchanged by one of the parties to the negotiations or the Technical Assistance Collaborative ("TAC") in the course of the settlement negotiations, including, but not limited to, the March 2015 TAC Mississippi Children's Behavioral Health Needs Assessment, **shall not be disclosed by any of the parties to the negotiations to anyone who is not a party, counsel, or an expert participating in the confidential settlement negotiations**, unless the parties to the negotiations expressly agree otherwise in writing;

*See* Doc. 70 (emphasis added).

According to an article in the February 22, 2017 on-line edition of the Clarion Ledger, Senator Buck Clarke acknowledges that members of the Mississippi legislature are being allowed to view the TAC Report. *See* Exhibit A. Since he has direct knowledge of this matter,

the Attorney General can expeditiously advise the Court if he disputes the truthfulness of Senator Clarke's statement.

Surely, the Attorney General is not arguing that the legislature is "a party, counsel, or an expert participating in the confidential settlement negotiations." If such an expansive definition was given to "party," then every clerical person, road maintenance employee, or any other employee of the State of Mississippi would qualify as a "party." This would clearly defy logic and common sense.

Neither have the parties been requested to "expressly agree otherwise in writing." We can state unequivocally that no attorney for the Intervenor has made any such agreement to allow legislators to view the TAC Report or has been requested to do so.

Accordingly, Intervenor leaves to the sound discretion of the Court to determine what sanctions should be assessed or other action should be taken. Intervenor would urge, however, that such action should include no less than immediately vacating the Protective Order.

Dated: February 22, 2017.

        Respectfully submitted,

        **GANNETT RIVER STATES PUBLISHING CORPORATION D/B/A THE CLARION-LEDGER**

        By: */s/ Leonard Van Slyke*
            One of Its Attorneys

OF COUNSEL:

Leonard Van Slyke, MSB # 6589
Lauren O. Lawhorn, MSB # 103896
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Post Office Drawer 119
Jackson, Mississippi  39205
Telephone:  601-948.3101
Facsimile:  (601) 960-6902
lvanslyke@brunini.com
llawhorn@brunini.com

## CERTIFICATE OF SERVICE

I, Leonard Van Slyke, do hereby certify that I electronically filed today the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all attorneys of record in this matter.

Dated: February 22, 2017.

*/s/ Leonard Van Slyke*
Leonard Van Slyke