IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 3:10-CV-153-HTW-MTP |
| | : | 3:16-CV-622-CWR-FKB |
| STATE OF MISSISSIPPI, | : | |
| | : | |
| Defendant. | : | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| MARY TROUPE, et. al. | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 3:10-CV-153-HTW-MTP |
| | : | |
| STATE OF MISSISSIPPI, | : | |
| | : | |
| Defendant. | : | |

**STATE OF MISSISSIPPI'S RESPONSE IN OPPOSITION TO INTERVENOR'S ADVISEMENT OF AN "APPARENT VIOLATION OF PROTECTIVE ORDER"**

**Introduction**

Defendant State of Mississippi responds in opposition to the recent filing by Intervenor Gannett River States Publishing Corporation d/b/a The Clarion-Ledger (Dkt. 152) (hereinafter, the "Intervenor") alleging an "apparent violation" to the Protective Order entered by this Court in May 2015. (Dkt. 70). In support of its opposition, the State of Mississippi states the following:

1. The Intervenor's accusation is wrong. No violation of the Protective Order has occurred because the Mississippi Legislature is a party to the negotiations governed by the Protective Order and agreed to by the parties in August 2014.

2. Mississippi legislators' review of the TAC Report is not a breach of the Protective Order and instead demonstrates continuous good faith and substantial efforts made by

the State of Mississippi from 2013 to present to find common ground and resolve this litigation.

3. Maintaining the confidentiality of the TAC report, as this Court has already and repeatedly held, promotes the public interest and is required by the terms and purpose of Rule 83.7 to encourage and facilitate settlement.

For these reasons and the statements in support below, the Intervenor's notice is not well taken and vacatur of the Protective Order should be denied.

## I. The Mississippi Legislature is a Party to the Negotiations.

As contemplated by the Protective Order issued in May 2015, the Mississippi Legislature is a party to the negotiations. Specifically, the August 2014 letter (hereinafter, the "Agreement"), which establishes the framework and confidentiality of the negotiations and was executed by the State of Mississippi, the *Troupe* Plaintiffs, and the United States Department of Justice (hereinafter, the "DOJ"), recognizes that the "State of Mississippi" is the party negotiating. See August 29, 2014 Agreement, Dkt. 71-2. In fact, the DOJ chose to sue "the State of Mississippi" and not any individual agency. As this Court is aware, the Legislature appropriates funds for use by the State and its agencies; therefore, the Legislature is a crucial component and considered a party to the negotiations with the DOJ.

The 2014 Agreement between the litigants further establishes that the Mississippi Legislature is critical to efforts to reach a settlement by its direct acknowledgement of the role the Legislature would play in the negotiations and specific references to the funds already appropriated by the Legislature in an attempt to resolve the litigation. See id., p. 1. Specifically, the parties acknowledged in the Agreement that the expanded services contemplated by the negotiations would require appropriations from the Legislature. Id. The Agreement also recognized that "legislative approval" was contemplated and necessary in order to begin certain programs in 2015 and to maintain those newly established programs beyond 2015. Id. at p. 2.

The State of Mississippi and DOJ anticipated that settlement may require changes to current mental health statutes and understood that a sweeping, systemic settlement would necessarily involve consultation with the Mississippi Legislature. Therefore, the Agreement between the State of Mississippi, the *Troupe* Plaintiffs, and United States Department of Justice clearly establishes that the Legislature is critical to, and involved in, the negotiations. See id.

## II. A Review of the TAC Report by the Mississippi Legislature is Illustrative of Good Faith and is Not in Breach of the Protective Order.

The Intervenor incorrectly believes that review of the TAC Report by certain members of the Mississippi Legislature is a sanctionable act of bad faith. However, it is the opposite, and in fact shows continuous good faith and substantial efforts by the State of Mississippi from 2014 to present to find common ground and resolve this litigation with the DOJ. The fact that the State of Mississippi (and DOJ and *Troupe* Plaintiffs) have spent hundreds of hours, exchanged hundreds of pages of settlement documents and draft agreements, and sought additional funding from the State Legislature in each year since 2014 is specific evidence of the State's efforts. This is not misconduct or bad faith. Instead, it is exactly what this Court expects of serious attorneys and parties using their best efforts to resolve expansive litigation and thereby save the State, DOJ, and this Court the expense of years of litigation. As previously stated in the State of Mississippi's objections to in camera review of the TAC Report (Dkt. 150), the State of Mississippi fully expects that the DOJ and *Troupe* Plaintiffs will return to the negotiation table as this case progresses and fully expects that a settlement will be reached.

### III. Maintaining the Confidentiality of the TAC Report Promotes the Public Interest and the Express Purpose of Rule 83.7 to Encourage and Facilitate Settlement.

As the State has maintained, the TAC Report is governed by Local Rule 83.7, and no legitimate public interest justifies destroying the report's confidentiality. See Mem. Response to Motion to Intervene and Vacate Protective Order, Dkt. 72; Mem. Response to Renewed Motion to Vacate Protective Order, Dkt. 98. Twice the Court has held Rule 83.7 applies, and evaluated whether the Intervenor's claimed interests in disclosure warrant vacating the protective order. Both times, the Court rejected the Intervenor's contention that its purported disclosure interests outweighed the parties' interests in resolving this dispute, and rejected the Intervenor's attempts to vacate the Court's protective order. Order, Dkt. 77; Order, Dkt. 110. The second denial of Intervenor's efforts is currently before the Court yet again, at the Intervenor's behest, solely on the limited question of whether the order's findings and conclusions were clearly erroneous. Fed. R. Civ. P. 72(a). The Court's prior determinations are imminently correct. The TAC Report is a confidential settlement document. The confidentiality of settlement negotiations is not new and is clearly established, for good reason, in the *Federal Rules of Civil Procedure* and Local Rule 83.7. Rule 83.7 establishes clear boundaries and confidentiality requirements for settlement discussions. See Mem. Response to Motion to Intervene and Vacate Protective Order, Dkt. 72; Mem. Response to Renewed Motion to Vacate Protective Order, Dkt. 98. There is no exception, as Intervenor apparently contends, that abrogates confidentiality merely because a party is a federal or state entity and the lawsuit may involve a "public interest." Rule 83.7(j)(1) provides "all communications made in mediation or settlement conference are confidential. Mediation- and settlement conference-related communications are not subject to disclosure…." Indeed, Rule 83.7(j)(3) even limits the Court's access to settlement documents such as the TAC Report. "Except as provided in L.U.Civ.R. 83.7(j)(4) or required by law, a person participating in

mediation or settlement conference under this Local Rule may not be compelled to disclose to the court any communication made, position taken, or opinion formed by any party or mediator in connection with mediation or settlement conference."

Here, as the record establishes and Court has already repeatedly found, TAC's role was that of a mediator, using its expertise to evaluate facts and positions so as to suggest ways in which the parties could settle the litigation. <u>See</u> August 29, 2014 Agreement, p. 4-5, Dkt. 72-1 ("TAC will provide assistance to both parties during the negotiations to find a global resolution." TAC will "assist the parties settlement discussion."); Order at pp. 5-6, Dkt. 77; Order at pp. 3-4, Dkt. 110. The TAC Report is not only protected by Local Uniform Civil Rule 83.7, but is also clearly a confidential settlement document and not admissible in evidence.

Moreover, the confidential nature of the TAC Report endures despite the current status of settlement negotiations. The express purpose of Rule 83.7 is to encourage and facilitate settlement. The Rule's application to the TAC Report, as the Court has determined, has not changed just because the parties reached an impasse and are not currently engaged in any ongoing settlement discussions. Order at pp. 3-4, Dkt. 110. Confidence in the continued confidential nature of settlement negotiation-related documents after negotiations stall is imperative to encourage the limited disclosure of such documents between negotiating parties. Otherwise, parties would never agree to such an open exchange of information necessary for them to engage in full, frank, and honest settlement discussions that lead to a resolution of the litigation.

**Relief Requested**

For the reasons stated above, the Intervenor's notice (Dkt. 152) is not well taken and its serial requests for this Court to vacate its May 2015 Protective Order (Dkt. 70) should be denied.

THIS, the 27th day of February, 2017.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: */s/ James W. Shelson*
Reuben V. Anderson, MB 1587
W. Thomas Siler, MB 6791
James W. Shelson, MB 9693
A. Martin Edwards, IV, MB 104677
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: andersor@phelps.com
silert@phelps.com
shelsonj@phelps.com
martin.edwards@phelps.com

Harold Pizzetta, III, Esq., MB 99867
Assistant Attorney General
General Civil Division
Walter Sillers Building
550 High Street
Jackson, MS 39201

Attorneys for the State of Mississippi

## **CERTIFICATE OF SERVICE**

I certify that on February 27, 2017, I electronically filed this document with the Clerk of the Court using the ECF system which sent notifications of such filing to all ECF counsel of record in this action.

*/s/ James W. Shelson*
James W. Shelson