IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                                    CIVIL ACTION NO. 3:16-CV-622-CWR-FKB

STATE OF MISSISSIPPI                                            DEFENDANT

CONSOLIDATED WITH


MARY TROUPE, et al.                                            PLAINTIFFS

V.                                    CAUSE NO. 3:10-CV-153-HTW-LRA

GOVERNOR PHIL BRYANT, et al.                                  DEFENDANTS

<u>ORDER</u>

This Court has pending before it the amended motion of plaintiff L.S., **[doc. no. 138]**, asking this court to reconsider and vacate the December 6, 2016 Order of the Magistrate Judge which consolidated the case of *United States v. Mississippi,* No. 3:16-cv-622-CWR-FKB (*"DOJ"* case) with *Troupe v. Barbour,* No. 3:10-cv-153-HTW-MTP (*"Troupe"*).  The Magistrate Judge's order of consolidation is found at docket. no. 127.

BACKGROUND

At the time of filing, the *Troupe* plaintiffs were a group of Medicaid-eligible children who allegedly suffered from a variety of behavioral, emotional and mental health disorders. They contended that they were forced to seek treatment in restrictive residential-treatment facilities which severed connections with family and peers and exacerbated their mental disorders.  These plaintiffs claimed that the defendants' failure to provide adequate mental

health services violated the Americans with Disabilities Act ("ADA")[1] and the Rehabilitation Act.[2]  These plaintiffs sought to be certified to represent a class composed of all children under the age of twenty-one with behavioral or emotional disorders, who are in need of intensive home- and community-based mental health services, but are not receiving such services.

The *DOJ* case, filed by the United States Department of Justice, alleges that the State of Mississippi (hereafter "State") discriminates against adults with mental illness by providing treatment that relies on repeated, long periods of institutionalization.  This, the United States claims, is in violation of Title II of the Americans with Disabilities Act of 1990 ("ADA").  The United States seeks to have the State provide community-integrated services, programs, and activities for these adults.

The defendants [3] in both cases filed a motion to consolidate, claiming the two lawsuits involved common issues of fact and law and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure [doc. no.112].  Rule 42(a) provides as follows: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

The State pointed to factors that it claimed favored consolidation.  Both matters were pending in the same federal court district; and, although the Troupe case involves children

---

[1] The Americans with Disabilities Act (ADA) is codified as Title 42 U.S.C. §12101, et seq.
[2] The Rehabilitation Act is codified as Title 29 U.S.C. § 701, et seq.
[3] In *Troupe v. Barbour,* civil action no. 3:10-cv-153, the defendants are: the Governor, Director of Medicaid, Chairman of the Board of Mental Health, and Director of the Department of Mental Health for the State of Mississippi, in their official capacities. In *United States v. State of Mississippi*, civil action no. 3:16-cv-622, the State of Mississippi is the defendant.

and the DOJ lawsuit involves adults, any changes in how the State treats persons with mental illness would necessarily involve changes for the care of both children and adults, the State claimed.  Without consolidation, the State contended, there was a threat of inconsistent results.

The *Troupe* plaintiffs took no position as to consolidation, but the United States objected, [doc.no.118], stating the cases were factually and legally distinct and involved different plaintiffs.  The delay that would result from consolidation, according to the United States, would unduly prejudice the adults with mental illness on whose behalf they sued, and the inevitable delay would offset any potential reduction of costs and judicial resources.  The two cases, according to the United States, will require separate discovery, dispositive motions, factual findings, witnesses, trial and remedies.

## THE ORDER OF CONSOLIDATION

Magistrate Judge Michael T. Parker considered the motion. In deciding whether to consolidate cases the courts look at a variety of factors, including the following:

> (1)whether the actions are pending before the same court; (2) whether common parties are involved in the cases (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Crest Audio, Inc. v. QSC Audio Prods., Inc.,* Civil Action Nos. 3:12-cv-755-CWR-FKB, 3:13-cv-610-CWR-FKB 2016 WL 3249217 (S.D. Miss. Mar. 4, 2016) (quoting *In re Camp Arrowhead, Ltd*, Civil Action No. SA-10-cv-170-XR, 2010 WL 841340, at *1 (W.D. Tex. Mar. 4, 2010).

3

The Magistrate Judge conducted a thorough analysis of the above factors and correctly concluded that most of the factors weighed in favor of consolidation at the time. The Magistrate judge found: a) that the cases were pending in the same court; b) some parties were the same; c) there were common questions of law and fact; d) consolidation posed little risk of prejudice, confusion, or inconsistent rulings; e) consolidation would help conserve judicial resources f) no unfair advantage would be created; g) the reduction of time issue weighed against consolidation; h) costs to the parties would be reduced. The motion was granted and the cases were consolidated by order of December 6, 2016 [doc. no. 127].

On December 9, 2016, the *Troupe* plaintiffs, joined by the United States, filed a motion urging reconsideration of the order of consolidation, citing to changed circumstances [doc. nos. 130 and 131]. On January 20, 2017, the *Troupe* plaintiffs filed an amended motion for reconsideration. The defendants oppose the motion. This court conducted a hearing in this matter on February 10, 2017, and heard oral arguments from the parties.

## ANALYSIS

These plaintiffs point out that over the course of the litigation of *Troupe*, three of the original four plaintiffs in that case have become adults. Their claims are no longer appropriate for adjudication in *Troupe*, which sought to improve mental health services for children in Mississippi. The three have filed for voluntary dismissal of their claims pursuant to Federal Civil Rule of Civil Procedure 41(a)(2) [doc. no. 134]. L.S., who is still a minor, is the only remaining plaintiff in the *Troupe* litigation.

4

Additionally, the *Troupe* plaintiffs originally sought class certification.  L.S. no longer seeks class certification in this matter because of the substantial change in circumstances for the original plaintiffs.  The motion for class certification has been withdrawn.  L.S. is pursuing his individual claim under the ADA and Section 504 of the Rehabilitation Act. The suit on his behalf seeks to have the State of Mississippi provide home and community-based services to him, a person with moderate intellectual disability and a co-occurring mental illness.   He requests the State to provide these services in the most integrated setting appropriate to his needs.

The *DOJ* case, on the other hand, attempts to address appropriate treatment for the thousands of adults in Mississippi with mental illness.  According to L.S., saddling his case with that of the *DOJ* lawsuit will result in manifest injustice and further delay in obtaining a solution to the problems surrounding his treatment.   The *DOJ* action, he contends, seeks systemic, statewide relief, whereas L.S. seeks only to have his individual mental health needs met by the State of Mississippi.

According to L.S., his primary needs center around his developmental disability, rather than his mental illness; thus there is less likelihood of overlap of the legal and factual issues.  The state agencies responsible for addressing the issues for L.S. will differ from those against whom the United States will be seeking injunctive and equitable relief for the adult population with mental illness.  For instance, L.S. asserts, the Bureau of Intellectual and Developmental Disabilities is responsible for providing services for individuals with intellectual disabilities, such as L.S., but is not likely to be a part of the solution in the *DOJ* lawsuit.

Since the posture of the *Troupe* case is vastly different than when consolidation was granted by the Magistrate Judge, this court now undertakes a new analysis of the factors to be addressed, in light of those changed circumstances. Consolidation can be reassessed in light of subsequent developments. See, e.g., *Pedigo v. Austin Rumba, Inc*., No. A-08-CA-803-JRN, 2010 WL 2730463, AT*2 (W.D.  Tex. June 24, 2010) (denying motion to consolidate and noting possibility of reconsideration if circumstances "change with future development of the two cases")

We begin first with the premise that the district court has wide discretion when making a determination whether to consolidate or not, and is not required to consolidate even in the face of some common questions of law and fact.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989 (the power of the court is purely discretionary).  *See also, Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985).

The court may refuse a request to consolidate if consolidation will cause delay in one or more of the individual cases, or will lead to confusion or prejudice in the management or trial of the case.  As Magistrate Judge Parker did, this Court has reviewed the *Crest Audio* factors listed above.  The Court is of the opinion that the majority of the factors no longer weigh in favor of consolidation.

Given the disparities in the two cases, no savings in costs, time or judicial resources is anticipated.  *DuPont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966).   In deciding whether to consolidate, a court should weigh the amount of time, money, and effort that consolidation would save against any inconvenience, delay, or expense that might result.  *Axcess International, Inc. v. Savi Technologies, Inc*., .2011 WL 13089393 (N.D. Tex. Nov. 9, 2011). *Arnold v. E. Airlines*, 681 F.2d 186, 193 (4th Cir. 1982); *see also St. Bernard Gen. Hosp. v.*

6

*Hosp. Serv. Ass'n of New Orleans*, 712 F.2d 978, 989 (5th Cir. 1983) (citing *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 270-71 (5th Cir. 1974)).  Foremost among the factors to be considered is whether consolidation would prejudice the rights of the parties.  If so, it is improper.  *Dupont v. Southern Pacific Co.,* 366 F.2d 193, 195–96 (5th Cir.1966), *cert. denied,* 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967).

 This court is of the opinion that if the cases remain consolidated, there is a strong likelihood that manifest injustice will result to L.S.  Consolidation of his individual claims with those brought by the United States will substantially increase the time and cost to litigate his claims. The *Troupe* case is the older of the two cases and is much further along in the litigation process. The defendants' dispositive motions have been heard and ruled on in that case, whereas no dispositive motions have been filed yet in the *DOJ* case.  Discovery in the *DOJ* case is in its early stages, and given the number of people affected, it is expected that discovery will be prolonged and complex.

*Troupe,* as an individual claim, is reasonably expected to be tried within the current year, while it is highly unlikely that the *DOJ* case will be ready for trial for at least another year, due to the sheer number of persons involved in that litigation and the procedural complexities presented.

The Magistrate Judge, in consolidating the two cases, found that *Troupe* and the *DOJ* case both presented broad challenges to Mississippi's public policies concerning the provision of services and treatment under Medicaid to those with mental illness. As the plaintiffs in both cases point out, this is no longer the case.

7

CONCLUSION

This court finds: a) that the cases are pending in the same court; b) only the defendants are the same;  c) there are common questions of law but few common questions of fact; d) consolidation poses risk of prejudice, confusion, or inconsistent rulings in the present circumstance ; e) consolidation would not significantly help conserve judicial resources f) an unfair advantage might be created as to the defendants g) the issue regarding the reduction of time still weighs against consolidation; and h) costs to the parties would not be reduced, and would, in fact, be increased for L.S.

For all of the reasons discussed above, this court is persuaded that the amended motion to reconsider the order of consolidation **[doc. no.38]** should be and hereby is **granted** and the Magistrate Judge's order of December 6, 2016**, [doc. no. 127] is vacated.**  Plaintiff's previous motion to reconsider the order of consolidation **[doc. no. 130]** was supplanted by the amended motion and is, therefore, **moot.**   These cases are no longer consolidated.  The clerk is instructed to make the appropriate changes to the docket.

SO ORDERED AND ADJUDGED, this the 19th day of March, 2017.

s / HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE