IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                       **PLAINTIFF**

**V.**                                 **CIVIL ACTION NO. 3:16-CV-622-CWR-FKB**

**STATE OF MISSISSIPPI**                                    **DEFENDANT**

**CONSOLIDATED WITH**

**MARY TROUPE, et al.**                                       **PLAINTIFFS**

**V.**                                 **CAUSE NO. 3:10-CV-153-HTW-LRA**

**GOVERNOR PHIL BRYANT, et al.**                          **DEFENDANTS**

## ORDER

This Court has pending before it the amended motion of plaintiffs J.B., L.P., and L.M., through their attorneys, to voluntarily dismiss their claims pursuant to Federal Rule of Civil Procedure 41 (a) (2). **[doc. no. 134]**. None of the parties have objected to the voluntary dismissal. Plaintiff, United States, consents to the dismissal, and the State of Mississippi filed its response to the motion for voluntary dismissal, stating it, too, does not oppose the motion. [doc. no. 140].

BACKGROUND

This litigation began with a group of four plaintiffs who were a group of Medicaid-eligible children allegedly suffering from a variety of behavioral, emotional and mental health disorders. These plaintiffs claimed that the defendants' failure to provide adequate mental health services violated the Americans with Disabilities Act ("ADA")[1] and the

---

[1] The Americans with Disabilities Act (ADA) is codified as Title 42 U.S.C. §12101, et seq.

Rehabilitation Act.[2]  The plaintiffs additionally sought to be certified to represent a class composed of all children under the age of twenty-one with behavioral or emotional disorders, who are in need of intensive home- and community-based mental health services, but are not receiving such services.  All of the plaintiffs have since withdrawn the motion for class certification, however.

## ANALYSIS

Over the course of this litigation, the three plaintiffs seeking voluntary dismissal have become adults.  Their claims are no longer appropriate for adjudication in *Troupe v. Barbour*, which sought to improve mental health services for children in Mississippi.  L.S., who is still a minor, is the only proper plaintiff remaining in the *Troupe v. Barbour* litigation.

Rule 41(a)(2)[3] provides that after an opposing party has served either an answer or a motion for summary judgment, an action may only be dismissed at plaintiff's request by court order.  The dismissal is usually without prejudice unless the order states otherwise.

It is within the sound discretion of the district court whether to grant or deny such a motion.  *Hartford Accident & Indemnity Co. v. Costa Lines Cargo Servs., Inc.,* 903 F.2d 352, 360 (5th Cir. 1990).  As a general rule, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the

---

[2] The Rehabilitation Act is codified as Title 29 U.S.C. § 701, et seq.

[3] Rule 41. Dismissal of Actions
   (a) Voluntary Dismissal.
      (1) By the Plaintiff
         (A) …
      (2) By Court Order; Effect.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  … Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2002) (*citing Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). It does not appear to this court that the non-movants will suffer any prejudice by the grant of this motion. In fact, the litigation may be will be significantly simplified.

## CONCLUSION

Because the three movants are no longer under twenty-one years of age, and because none of the other parties has expressed any opposition, this court is persuaded that the motion for voluntary dismissal of plaintiffs J.B., L.P., and L.M. **[doc. 134]** should be and hereby is **granted,** without prejudice.

SO ORDERED AND ADJUDGED, this the 19th day of March, 2017.

_____s/ HENRY T. WINGATE_____
UNITED STATES DISTRICT COURT JUDGE