# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| L.S., by and through his next friend, Sheila Davis,<br><br>    Plaintiff,<br><br>v.<br><br>GOVERNOR PHIL BRYANT, in his official capacity; DAVID J. DZLELAK in his official capacity as Executive Director of the Mississippi Division of Medicaid; RICK BARRY, in his official capacity as Chair of the State Board of Mental Health; and DIANA MIKULA, in her official capacity as Executive Director of the Mississippi Department of Mental Health,<br><br>    Defendants. | Case No. 3:10-cv-153-HTW-MTP<br><br>JURY TRIAL REQUESTED |

## AMENDED COMPLAINT

### INTRODUCTION

1. This complaint seeks to enforce the right of plaintiff L.S. to receive medically-necessary services, programs, and activities in the most integrated setting appropriate to his needs.

2. L.S. is a Medicaid-eligible adolescent with a moderate intellectual developmental disability (IDD) and a co-occurring mental illness. His primary needs for support are related to his developmental disability, not his mental illness.

3. Under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, Defendants are required to provide L.S. with medically necessary services, programs, and

activities in the most integrated setting appropriate to his needs. 28 C.F.R. § 35.130(d).

4. Defendants have failed to provide L.S. with medically necessary services, programs, and activities in the most integrated setting appropriate to his needs.

5. Instead, L.S. has been needlessly institutionalized for the majority of his adolescence. As a result of Defendants' continued over-reliance on institutions, L.S. has cycled through hospitals, acute care facilities, residential treatment facilities, intermediate care facilities for individuals with developmental disabilities, and group homes without obtaining any long-term relief. The continued denial of medically necessary services, programs, and activities has caused and will continue to cause serious, long term, and irreversible harm to L.S.

6. L.S. seeks prospective injunctive relief ordering the Defendants to comply with the mandates of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Declaratory and injunctive relief is necessary to ensure that L.S. receives the treatment and services to which he is entitled by law.

## PARTIES

**A.** **<u>Plaintiff</u>**

7. L.S. is a nineteen year old adolescent with a moderate intellectual developmental disability and a co-occurring mental illness.

8. His primary needs for support are related to his developmental disability, not his mental illness.

9. L.S. has spent the majority of his adolescence unnecessarily segregated and institutionalized in residential treatment facilities, acute care facilities, intermediate care facilities for people with developmental disabilities, state hospitals, and group homes across Mississippi. As a result, he has been unable to pursue everyday life activities that contribute to his growth and

development as a person entering adulthood.

10. L.S. enjoys listening to gospel and blues music. An aspiring chef, L.S. hopes to live independently in an apartment with a kitchen, where he can prepare his own meals. He also looks forward to obtaining a driver's license so he can visit his family in Southeast Mississippi.

**B.  Defendants**

11. Defendant Phil Bryant is the Governor of Mississippi, a public entity covered by Title II of the ADA, 42 U.S.C. § 12131(1) and a participant in the federal Medicaid program. Defendant Bryant, as supreme executive officer of the state, is responsible for ensuring that all Mississippi agencies comply with applicable federal law. Miss Code § 7-1-5 (a)(c). Defendant Bryant is responsible for supervising the official conduct of all executive offices – including the Department of Mental Health, the State Board of Mental Health, and the Division of Medicaid. Miss. Code § 7-1-5 (d). Defendant Bryant appoints the members of the State Board of Mental Health, Miss. Code § 41-4-3(1); appoints the Executive Director of the Division of Medicaid, which is a division of the Governor's Office, Miss. Code § 43-13-107, and approves all Medicaid expenditures. Miss. Code § 43-13-117(A). Defendant Bryant is sued in his official capacity.

12. Defendant David J. Dzlelak is the Executive Director of the Mississippi Division of Medicaid, the single state agency responsible for the administration of the Mississippi Medicaid program. Defendant Dzlelak oversees the development and execution of Mississippi's Medicaid Plan and all Medicaid policies and procedures, including those regarding services for children with developmental disabilities. Miss. Code § 43-13-107, §43-13-117. Defendant Dzlelak is also responsible for ensuring that Mississippi's Medicaid program operates in compliance with state and federal law. Defendant Dzlelak is sued in his official capacity.

13. Defendant Rick Barry is the Chair of the State Board of Mental Health, and is responsible

for appointing a full-time Executive Director of the Department of Mental Health, which administers services for children and adolescents with intellectual developmental disabilities. Defendant Barry and the State Board of Mental Health are responsible for establishing and administering all IDD services on a state and regional level for the State of Mississippi; and supervising, coordinating, and establishing standards for all operations and activities in Mississippi related to the provision of IDD services, including those regarding services for children with behavioral or emotional disorders. Miss. Code § 41-4-7. Defendant Barry is sued in his official capacity.

14. Defendant Diana Mikula is the Executive Director of the Mississippi Department of Mental Health, the state agency responsible for administering, coordinating, developing, improving, and planning all services for individuals with intellectual developmental disabilities in Mississippi. Miss. Code § 41-4-1. Defendant Mikula is responsible for establishing and administering all IDD services on a state and regional level for the State of Mississippi; supervising, coordinating and establishing standards for all operations and activities in Mississippi related to the provision of IDD services, including those regarding services for children with behavioral or emotional disorders, Miss. Code § 41-4-7; obtaining funds from the State Legislature for Medicaid services; and organizing programs and services in a manner that maximizes funding through the Division of Medicaid. Miss. Code § 43-13-111. Defendant Mikula is sued in her official capacity.

15. At all times relevant to this action, Defendants have acted under color of state law.

## JURISDICTION AND VENUE

16. This is an individual action authorized by 42 U.S.C. § 1983 to redress the ongoing deprivation under color of state law of rights guaranteed by the United States Constitution and

federal statutes. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims herein occurred in this district, and because all Defendants named herein reside in, maintain offices in, or are responsible for enforcing the laws relevant to this litigation in this district.

## STATUTORY BACKGROUND

**A. The Americans with Disabilities Act and Section 504 of the Rehabilitation Act**

18. Title II of the Americans with Disabilities Act prohibits public entities from discriminating against or excluding a qualified individual with a disability from participating in services, programs, or activities of the public entity on the basis of disability. 42 U.S.C. § 12132; 28 C.F.R. § 35.130.

19. The ADA requires public entities to administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities. 28 C.F.R. § 35.130(d).

20. Public entities also must make reasonable modifications in policies, practices, or procedures when necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that the modifications would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. § 35.130(b)(7).

21. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, imposes identical requirements on state programs and activities that receive federal financial assistance.

22. The Defendants are discriminating against L.S. by failing to provide him with services in the most integrated setting appropriate to his needs. An integrated setting is one that allows an individual to live in his home or a home-like setting with natural family supports and the

opportunity to attend school and participate in his community with non-disabled peers. Defendants have chosen to serve L.S. in needlessly segregated settings.

23. Hospitals, psychiatric residential treatment facilities, and group homes are all restrictive settings that have severely limited L.S. from interacting with his family, school, peers, and community. Additionally, out-of-home placements exacerbate L.S.'s behavioral and emotional problems by severing these important community-based connections. By failing to provide adequate home-based and community-based services, Defendants have and continue to discriminate against L.S. by unnecessarily segregating him in violation of the ADA and Section 504.

## STATEMENT OF FACTS

**A.**   **L.S. is an adolescent with a moderate intellectual developmental disability.**

24. L.S. is a nineteen year old adolescent from Southwest Mississippi. He is currently placed at the East Mississippi State Hospital (EMSH) in Meridian, Mississippi – more than two hours from his home.

25. L.S. has a primary diagnosis of moderate intellectual developmental disability with a secondary diagnosis of mental illness.

26. L.S. entered the foster care system at the age of four after a family tragedy. L.S. was eventually placed in the custody of his aunt, who became his legal guardian.

27. L.S. began to display behavioral and emotional problems at a young age, and was hospitalized at the age of eight, and again at age nine. He was placed in a private residential treatment center when he was ten.

28. Since then, L.S. has been subjected to nearly a dozen placements in long-term residential treatment centers, state hospitals, and group homes. He has also been homeless and needlessly

incarcerated as a result of the lack of services, programs, and activities in the most integrated setting appropriate to his needs.

29. L.S. has been most recently institutionalized at EMSH and Boswell Regional Center, a licensed Intermediate Care Facility for Individuals with Intellectual and Developmental Disabilities. L.S. is currently segregated, and at risk of future segregation, due to Defendants' failure to provide medically necessary and legally mandated services to treat or ameliorate his IDD.

**B. Mississippi has distinct services systems for people with intellectual and developmental disabilities and people with mental illness.**

30. The mission statement of the Mississippi Department of Mental Health (DMH) is "Supporting a better tomorrow by making a difference in the lives of Mississippians with mental illness, substance abuse problems and intellectual/developmental disabilities one person at a time." *See* http://www.dmh.ms.gov/wp-content/uploads/2015/06/2016-2017-MS-Dep-of-Mental-Health-State-Plan-for-review.pdf.

31. DMH has separate bureaus for mental health and intellectual/developmental disabilities. See http://www.dmh.ms.gov/who-we-are/central-office/.

32. The Bureau of Mental Health at the Mississippi Department of Mental Health is responsible for the planning, development, and supervision of an array of services for individuals served at the state's six state behavioral health programs, which include services for individuals with mental illness, alcohol/drug services, and nursing homes.

33. The public service delivery system for individuals with mental illness includes four psychiatric hospitals; Central Mississippi Residential Center, a mental health community living program; and the Specialized Treatment Facility, a psychiatric residential treatment facility for adolescents with mental illness and a secondary need of substance use prevention/treatment. *See*

Mississippi Department of Mental Health Community Mental Health Services FY 2016-2017 State Plan, 7, *available at* http://www.dmh.ms.gov/wp-content/uploads/2015/06/2016-2017-MS-Dep-of-Mental-Health-State-Plan-for-review.pdf.

34. The Bureau of Intellectual and Developmental Disabilities at the Mississippi Department of Mental Health is responsible for planning, development, and supervision of an array of services for individuals in the state with intellectual and developmental disabilities.

35. This public service delivery system is comprised of five state operated comprehensive IDD programs for individuals with intellectual and developmental disabilities; the Mississippi Adolescent Center, an adolescent rehabilitation center for youth with intellectual and developmental disabilities whose behavior requires specialized treatment; regional community mental health centers; and other nonprofit community agencies/organizations that provide community services for individuals with IDD. *See* Mississippi Department of Mental Health Community Mental Health Services FY 2016-2017 State Plan, 8, *available at* http://www.dmh.ms.gov/wp-content/uploads/2015/06/2016-2017-MS-Dep-of-Mental-Health-State-Plan-for-review.pdf.

## CAUSE OF ACTION

### Americans with Disabilities Act and Section 504 of the Rehabilitation Act

36. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

38. L.S. is a qualified individual with a disability within the meaning of the ADA, and is an "otherwise qualified individuals with a disability" within the meaning of the Rehabilitation Act.

39. Defendants are public entities subject to the provisions of the ADA. Defendants receive federal financial assistance, and are thus subject to the provisions of the Rehabilitation Act.

40. Defendants have failed to administer services, programs, and activities in the most integrated setting appropriate to the needs of L.S., who has a developmental disability. Defendants have discriminated against L.S. by needlessly placing him in institutional settings. While in these settings, L.S. is segregated from the community and prevented from maintaining meaningful contact with his family, school, and community.

41. The relief sought by L.S. would not require the creation of services that are new to Mississippi or inconsistent with Mississippi's stated public policies. Defendants are already legally mandated to provide L.S. with necessary home-based and community-based services. Accordingly, the relief sought by L.S. would not amount to a fundamental alteration within the meaning of the ADA or Section 504.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff L.S. respectfully requests that this Court:

1. Declare unlawful Defendants' failure to comply with the mandates of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

2. Enter a permanent injunction enjoining Defendants from subjecting L.S. to practices that violate his rights under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

3. Award to L.S. the reasonable cost and attorneys' fees incurred in the prosecution of this action;

4. Award such other equitable and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 24th day of April, 2017.

/s/Lydia Wright
Lydia Wright, MSB# 105186
Jody E. Owens, MSB# 102333

Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, MS 39201
(601) 948-8882 (p)
(601) 948-8885 (f)
lydia.wright@splcenter.org
jody.owens@splcenter.org

Ira Burnim, D.C. Bar No. 406145*
The Bazelon Center for Mental Health Law
1101 5th Street NW, Suite 1212
Washington, D.C. 20005
202-467-5730 (phone)
202-223-0409 (fax)
*pro hac vice*

Ona T. Wang, N.Y. Bar No. 2987949*
Deborah H. Renner, N.Y. Bar No. 2561728*
Michelle Tanney, N.Y. Bar No. 5101910*
Baker & Hostetler LLP
45 Rockefeller Plaza, 14th Floor
New York, NY 10111
(212) 589-4200 (p)
(212) 589-4201 (f)
owang@bakerlaw.com
drenner@bakerlaw.com
mtanney@bakerlaw.com
*pro hac vice*

**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 24th day of April, 2017.

/s/ Lydia Wright