IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

L.S. BY AN THROUGH HIS NEXT
FRIEND, SHELIA DAVIS                                              PLAINTIFF

VS.                                         CIVIL ACTION NO.: 3:10cv00153-HTW-MTP

GOVERNOR PHIL BRYANT, IN HIS
OFFICIAL CAPACITY, et al.                                         DEFENDANTS

## FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

THIS MATTER is before the Court on the Joint Motion of Plaintiff and Defendants to dismiss this case with prejudice. Plaintiff and Defendants have finally and fully compromised and settled their disputes on the terms set forth in the Settlement Agreement attached to this Final Judgment as Exhibit 1, which terms should be incorporated into and made a part of this Final Judgment.

IT IS ORDERED that this matter is finally and fully compromised, settled, and dismissed with prejudice on the terms set forth in the Settlement Agreement attached to this Final Judgment as Exhibit 1, which terms are incorporated into and made a part of this Final Judgment. Pursuant to the Settlement Agreement, the District Court shall retain jurisdiction to enforce the terms of this Agreement post-dismissal until L.S.'s enrollment in the ID/DD Waiver or for nine months after L.S.'s transition to Boswell, whichever occurs earlier.

IT IS ORDERED that the Agreed Order regarding TAC Report (Dkt. 163) is incorporated into and made a part of this Final Judgment.

SO ORDERED, this the ____ day of _____, 2017.

_____
UNITED STATES DISTRICT COURT JUDGE



EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

L.S., by and through his next friend,
Sheila Davis                                                              **PLAINTIFF**

v.                                          Civil Action No. 3:10-cv-153-HTW-MTP

GOVERNOR PHIL BRYANT,
in his official capacity, et al.                                          **DEFENDANTS**

### SETTLEMENT AGREEMENT

1. In April 2017, Plaintiff filed an amended complaint in this matter alleging that the Defendants violated the requirements of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Defendants have at all times denied Plaintiffs' claims. To resolve this matter in an expeditious manner and to promote the parties' common goals concerning community-based services for people with disabilities, the parties have entered into this Settlement Agreement.

2. The purpose of this Agreement is to conclude in all respects the litigation pending in the United States District Court for the Southern District of Mississippi bearing the cause number 3:10-cv-153-HTW-MTP ("lawsuit"), including both the merits of the case, the applicable protective order, and Plaintiff's attorneys' fees and expenses.

3. For and in consideration of the promises and agreements set forth in this Agreement, the sufficiency of which is acknowledged, Plaintiff does hereby release, acquit, and forever discharge Defendants, from any and all claims, demands, suits, liens, debts, damages, costs, expenses and causes of action of whatever nature in law or in equity or in statute, in tort or in contract, and/or injunctive relief, in any way directly or



indirectly connected with, related to, or arising out of the (a) claims that have been or could have been asserted in the Amended Complaint (Dkt. 158) Plaintiff filed in the Lawsuit; (b) the disputes giving rise to the Amended Complaint (Dkt. 158) Plaintiff filed in the Lawsuit; (c) claims based on any alleged acts or omissions by Defendants regarding the matters at issue in the Amended Complaint (Dkt. 158) Plaintiff filed in the Lawsuit, and/or (d) any claims that Plaintiff may have against Defendants as a result of the conduct, action, or inaction of any other person or entity in connection with or arising out of the claims that were or could have been asserted in the Amended Complaint (Dkt. 158) Plaintiff filed in the Lawsuit ("Released Matters"). Plaintiff covenants not to sue and not to assert any claims or causes of action against Defendants based on or arising out of the Released Matters.

4. Shelia Davis represents and warrants that she is fully authorized to execute this Agreement for and on behalf of Plaintiff and as Plaintiff's legal representative and next friend, and that she does so willingly, freely, and without duress or promise after consultation with counsel of her choice.

5. This Release is binding upon Plaintiff's heirs, successors and assigns.

6. This Agreement shall not and may not be offered as, construed as, or used as evidence of any kind in any action or proceeding as proof of any fact or point of law, except in an action to enforce this Agreement.

7. This Agreement comprises the entire agreement of the parties with respect to the subject matter encompassed herein. Defendants have made no agreement or promise to do or admit to do or perform any act or thing not included and set forth in

the Agreement.

8. This Agreement is the product of negotiations and each party has made concessions and obtained favorable outcomes that might not have been obtained if this case had been decided by the Court. The parties recognize that a negotiated agreement is preferable to further protracted litigation and enter into this Agreement in support of the rights of people with disabilities to receive necessary support services in the most integrated setting.

9. Each party has participated in the negotiation and drafting of this Agreement and freely enters into this Agreement following consultation with and advice by counsel. All undersigned counsel of record for the parties have complete authority to execute this Agreement on behalf of their clients.

10. Entry into this Agreement shall not be construed as an admission of liability by Defendants.

11. The terms of this Agreement may be modified only in writing and signed by all parties or their counsel of record.

12. Within twenty-one days of the execution of this agreement, the Mississippi Department of Mental Health will transition L.S. from his current location at East Mississippi State Hospital to the Intermediate Care Facility Program licensed to provide care for individuals with an Intellectual Disability at Boswell Regional Center located in Magee, Mississippi. The Intermediate Care Facility Program at Boswell shall offer to L.S. on the same terms as any other program participant psychological services including counseling, psychiatric services including medication management in

conjunction with a behavioral support plan, social services, nursing/medical services, dietary services, speech/language therapy, recreation therapy, and physical therapy/occupational therapy. A Qualified Intellectual Disabilities Professional will be assigned to L.S. to coordinate an Individual Support Plan. Boswell shall also offer L.S. the opportunity to obtain a state issued identification card or driver's license, if he so qualifies under applicable law.

13. The Department of Mental Health further agrees that L.S. is eligible and will be enrolled in the ID/DD Waiver Program pursuant to the terms of this Agreement and applicable law. While in the Intermediate Care Facility Program at Boswell, the Department of Mental Health will conduct a Person Centered Planning Meeting to evaluate L.S. for the purposes of developing a plan of services and supports and thereby determine which ID/DD Waiver services L.S. is qualified to receive. The parties shall work towards the goal of completing L.S.'s assessment within ninety days or earlier of his arrival at Boswell. The Department's offer to enroll L.S. in the ID/DD Waiver shall remain open for nine months after L.S.'s transition to Boswell. The Department of Mental Health cannot guarantee or make any assurances as to whether a private provider will be available and willing to provide ID/DD Waiver services to L.S.

14. L.S. shall be provided services in the Intermediate Care Facility Program and the ID/DD waiver subject to the same terms, conditions, and restrictions applicable to all similarly situated participants. L.S.'s participation in the Intermediate Care Facility Program at Boswell and the ID/DD Waiver is conditioned upon L.S. meeting the medical and other criteria of those programs. In the event that L.S. becomes

psychiatrically unstable or decompensates to the point that his psychiatric needs cannot be adequately met at Boswell or another Department of Mental Health Intermediate Care Facility Program licensed to provide care for individuals with an Intellectual Disability or through the ID/DD Waiver, the Department of Mental Health shall be allowed to transfer L.S. to another program within the Department of Mental Health system after completion of a formal assessment to determine the appropriate program to which L.S. should be transferred. However, once L.S. begins participation in the ID/DD Waiver Program, he will not be involuntarily removed from that program except as allowed by applicable law and regulations. Any disputes over L.S.'s eligibility and enrollment in the ID/DD Waiver Program will be submitted to the applicable agency administrative process; if resolution is not achieved, then the terms of paragraph 18 shall apply. Otherwise, any dispute over L.S.'s satisfaction of the relevant criteria or his adherence to and cooperation with the rules, guidelines, and treatment recommendations, or over the type, amount, duration, or scope of services provided to L.S. in the Intermediate Care Facility Program or the ID/DD waiver will be resolved through the administrative process procedures applicable to the program and is not part of this Agreement.

15.     This Agreement is expressly conditioned upon, and shall be effective upon, the entry by the District Court of an order dismissing this cause with prejudice. This Agreement shall automatically terminate upon L.S.'s enrollment in the ID/DD Waiver or within nine months of L.S.'s transition to Boswell, whichever occurs earlier. The District Court shall retain jurisdiction to enforce the terms of this Agreement post-dismissal

5

until L.S.'s enrollment in the ID/DD Waiver or for nine months after L.S.'s transition to Boswell, whichever occurs earlier. An order of dismissal agreed to by the parties is attached hereto as Exhibit A.

16. Both parties agree that the protective order entered by this Court should be vacated upon the entry of the Court's order dismissing this cause with prejudice.

17. Defendants agree to pay L.S.'s attorney, Graham P. Carner, attorney's fees in the amount of $7,500 for time expended in representation of L.S. in this litigation. Defendants shall not be obligated to pay any other attorneys' fees in connection with this litigation. Other than the above payment, each party shall bear its own costs and attorneys' fees in connection with this case.

18. If the parties have any questions or issues as to implementation of the provisions of this Agreement, the parties will negotiate in good faith to resolve such issues. After attempting to resolve the matter through good faith negotiations, a party may seek the assistance of the magistrate judge and, thereafter, the district court judge.

Agreed to, this the 26th day of June, 2017.

| _____<br>Diana Mikula<br>in her official capacity as<br>Executive Director<br>Mississippi Department of Mental Health | _____<br>Shelia Davis<br>Next of Friend of Redacted L.S. |
|---|---|
| _____<br>Dr. David J. Dzielak<br>in his official capacity as<br>Executive Director,<br>Mississippi Division of Medicaid | _____<br>Redacted<br>L.S's name redacted |

until L.S.'s enrollment in the ID/DD Waiver or for nine months after L.S.'s transition to Boswell, whichever occurs earlier. An order of dismissal agreed to by the parties is attached hereto as Exhibit A.

16. Both parties agree that the protective order entered by this Court should be vacated upon the entry of the Court's order dismissing this cause with prejudice.

17. Defendants agree to pay L.S.'s attorney, Graham P. Carner, attorney's fees in the amount of $7,500 for time expended in representation of L.S. in this litigation. Defendants shall not be obligated to pay any other attorneys' fees in connection with this litigation. Other than the above payment, each party shall bear its own costs and attorneys' fees in connection with this case.

18. If the parties have any questions or issues as to implementation of the provisions of this Agreement, the parties will negotiate in good faith to resolve such issues. After attempting to resolve the matter through good faith negotiations, a party may seek the assistance of the magistrate judge and, thereafter, the district court judge.

Agreed to, this the 20th day of June, 2017.

| | |
|---|---|
| Diana Mikula<br>in her official capacity as<br>Executive Director<br>Mississippi Department of Mental Health | Shelia Davis<br>Next of Friend of [Redacted] L.S.<br><br>*Sheila Davis* |
| Dr. David J. Dzielak<br>in his official capacity as<br>Executive Director,<br>Mississippi Division of Medicaid | L.S's name & signature redacted |